ORIGINAL

ECF

Teresa Trucchi, Esq. (#135543)
SUPPA, TRUCCHI & HENEIN, LLP
3055 India Street
San Diego, CA 92103-6013
Telephone No.: (619) 297-7330
Telefax No. : (619) 297-9658

Attorneys for Plaintiffs
ADRIAN AND ALI JAZMIN RODRIGUEZ

FILED
APR 15 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ADRIAN RODRIGUEZ and ALI JAZMIN RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | Case No: 05-370C<br><br>[HON. CHARLES F. LETTOW]<br><br>**COMPLAINT FOR:**<br><br>1. Breach of implied warranty<br>2. Breach of contract<br>3. Breach of covenant of Good Faith and Fair Dealing |

**Plaintiffs ADRIAN and ALI JAZMIN RODRIGUEZ allege as follows:**

**BASIS OF FEDERAL COURT JURISDICTION**

1. The jurisdiction of this court is predicated on 15 USC §47, Sec. 2072(a)(Consumer Product Safety Act), 15 USC §50, Sec. 2310(d)(1)(B)(Federal Warranty Act); 28 USC §1346 (Tucker Act); and 28 USC §1350 (Alien Tort Claim Act).

2. Jurisdiction is proper in the United States Court of Federal Claims in Washington, D.C. as a result of an Order issued by the Southern District of California finding that the

only viable causes of action arise under the Tucker Act [28 USC §1346]. As the damages claimed exceed the jurisdiction of the District Court on a Tucker Act claim, the United States Court of Federal Claims in Washington, D.C. has exclusive jurisdiction over all issues which have been raised, to date, in USDC Case Number 04CV0905JH (SD). In light of the ruling of the United States District Court in Case Number 04CV20905JH (SD) on December 8, 2004 and in light of the amount in controversy, there is no other Court in which the action may be brought. The plaintiffs and the United States of America have stipulated to file a Second Amended Complaint in the United States District Court action pending in San Diego and then transfer the entire matter to the United States Court of Federal Claims in Washington, D.C. Hon. John Houston, Judge Presiding, has entered an order granting this stipulated request to amend and for a transfer.

**INTRODUCTORY ALLEGATIONS**

3. Plaintiff ADRIAN RODRIGUEZ (hereinafter RODRIGUEZ) is, and at all times mentioned herein was, a citizen of the United States of America.

4. Plaintiff ALI JAZMIN RODRIGUEZ is, and at all times mentioned herein was, a citizen of the United States of America and the wife of ADRIAN RODRIGUEZ.

/////

/////

/////

5. Defendant UNITED STATES OF AMERICA (hereinafter USA) is, and at all times mentioned herein was, a governmental entity organized under Federal law with the capacity to sue and be sued. USA is hereby sued on its own right and on the basis of the acts of its officials, agents, and employees, which were taken pursuant to USA's regulations, customs, and policies.

**STATEMENT OF FACTS**

6. This case involves the seizure and subsequent sale of a Volkswagen Passat (1991) VIN: WVWFB4316ME017877 (hereinafter SUBJECT VEHICLE).

7. On or about June 6, 2001 the SUBJECT VEHICLE was purchased by an undisclosed individual who registered it with "border license plates" in the City of Tijuana, B.C. Mexico.

8. On November 18, 2002, the undisclosed individual drove the SUBJECT VEHICLE into the United Stated from the Republic of Mexico at the San Ysidro, California port of entry.

9. The unidentified individual was approached by a Custom Inspector (hereinafter "CI") who inspected the SUBJECT VEHICLE and discovered thirty two (32) packages weighing approximately thirty three (33) pounds that contained marijuana wrapped in cellophane in the rear bumper and dashboard.

10. On November 18, 2002, the CI seized the SUBJECT VEHICLE and the marijuana under seizure number 2003250400023401.

11. The unknown individual is a citizen of Mexico, therefore he was turned over to the U.S. Department of Justice Immigration and Naturalization Service.

12. On February 20, 2003 in accordance with the provisions of Title 19, United States Code, section 1608 and 1610 and Title 19 of Federal Regulations, part 162.45, the SUBJECT VEHICLE was declared forfeited for violation of Title 19 United States Code, section 1595(a) or 1595a(c).

13. Thereafter, the SUBJECT VEHICLE was made available for sale to the public through a Federal Forfeiture Sale.

14. On March 5, 2003, ALI JAZMIN RODRIGUEZ and ADRIAN RODRIGUEZ acquired the SUBJECT VEHICLE from the Department of Treasury in a Public Auction following a Customs Service Department Federal Forfeiture Sale.

15. On or about July 15, 2003, RODRIGUEZ took the vehicle to a mechanic in Tijuana because it was making an unusual sound.

16. While being checked for repairs, the mechanic found thirty three (33) pounds of marijuana in a box on the underside of the SUBJECT VEHICLE's body. The manager of the repair shop called the police and two Municipal officers of Tijuana arrested RODRIGUEZ and seized the SUBJECT VEHICLE turning them both over to the Mexican Federal Agency of Investigations in Tijuana, Baja California, Mexico (hereinafter the AGENCY).

17. On July 17, 2003, and pursuant to Articles 13 Section II, 193 and 195 of the Federal Criminal Code of Mexico and Article 21 of the Federal Criminal Procedure Code of Mexico, the AGENCY indicted RODRIGUEZ and turned his case over to the Federal Eighth District Court of the State of Baja California (hereinafter the DISTRICT COURT).

18. On July 23, 2003, the DISTRICT COURT ordered the formal imprisonment of RODRIGUEZ, the suspension of his political rights and the issuance of Official Notice to the Federal Immigration Services of Mexico to record the case (and, if proper, issue a deportation order against RODRIGUEZ pursuant with Article 33 of the Constitution of the United States of Mexico, which provides for immediate expulsion of undesirable foreigners).

19. On August 14, 2003, RODRIGUEZ's defense attorneys requested that the DISTRICT COURT issue a Rogatory Letter to the Consul General of Mexico in San Diego, California requesting the Consul's support in their efforts to obtain the seizure report and the forfeiture sale file of the SUBJECT VEHICLE.

20. RODRIGUEZ's defense attorneys were able to demonstrate that RODRIGUEZ was ignorant of the existence of the illegal substance found in the SUBJECT VEHICLE and that if the U.S. Custom's agents would have performed a proper search of the SUBJECT VEHICLE, RODRIGUEZ would not have been

arrested. The DISTRICT COURT found RODRIGUEZ innocent of all charges and released him from prison on August 14, 2003.

21. Thereafter, in a response to a Freedom of Information Act request filed by plaintiffs' counsel, photographs were produced by the USA showing that the area wherein the Mexican officials discovered the marijuana on July 15, 2003 had not been searched by the USA or its authorized agents. The United States of America sold a dangerous and defective product, released that product into the USA stream of commerce and failed to take responsibility when the defective nature of the product thereafter caused the intended user of the product (the plaintiffs) to suffer harm.

22. On or about October 22, 2003, a government claim was submitted to the USA. The claim was denied by operation of law on or about April 22, 2004.

**FIRST CAUSE OF ACTION**

<u>BREACH OF WARRANTY</u>

23. On or about March 5, 2003, ALI JAZMIN RODRIGUEZ and ADRIAN RODRIGUEZ purchased the SUBJECT VEHICLE from USA.

24. Defendants and each of them were aware of the fact that the plaintiffs relied upon the defendants, and each one of them, to act reasonably and in a manner that would not interfere and expose plaintiffs to criminal prosecution, loss of liberty, imprisonment, and other damages.

25. There was an implied warranty that the SUBJECT VEHICLE was reasonably clear of contraband before releasing the same for

sale to plaintiffs. The defendants, and each one of them, had exclusive control of the SUBJECT VEHICLE after the seizure and before the auction sale. The plaintiffs expected the vehicle to be reasonably cleared of contraband before the vehicle was sold to them.

26. Defendants and each of them were aware of the plaintiffs' reliance as outlined above. The plaintiffs, and each one of them, were free of conduct contributing to the accident.

27. The defendants knew, or should have known, that a failure to conduct a thorough and complete search would subject the purchaser and/or occupant of the vehicle to subsequent arrest and detention if contraband was left in the vehicle at the time of the sale and thereafter discovered by law enforcement agents.

28. At the time of the transaction, it was reasonable to expect that the SUBJECT VEHICLE was reasonably clear of contraband. The USA had an official duty under its Customs' policies and procedures to thoroughly inspect the SUBJECT VEHICLE for narcotics before the same was released into the chain of commerce. It was foreseeable that the failure to conduct an adequate search and to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was

foreseeable that any driver of the SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

29. The defendants, and each one of them, sold a vehicle that did not comply with the implied warranty of merchantability by selling the SUBJECT VEHICLE with thirty three pounds of marijuana stored in a hidden compartment as a result of an incomplete and inadequate search. The defendants, and each one of them, failed to conduct a reasonable and thorough search of the SUBJECT VEHICLE before authorizing the sale of the same to plaintiffs. The USA officials' failure to conduct an adequate search was due to a local USA Border Patrol policy to curtail searches in order to avoid causing damage that could diminish the resale value of the vehicle.

30. The failure to ensure that the SUBJECT VEHICLE conformed to the expected quality and implied warranty was a substantial factor in causing plaintiffs' harm. The failure to conduct a complete and thorough exam made the vehicle unsafe as it subjected the occupants to detention and arrest should overlooked contraband be discovered by other law enforcement agents at a later date. The failure to conduct a compete and thorough exam caused recurring harm as there were multiple instances where purchasers and occupants were detained and arrested due to contraband overlooked by the USA prior to the USA Custom auctions of seized vehicles.

31. This breach caused damage to plaintiffs on July 15, 2003 when RODRIGUEZ was arrested and imprisoned by the Mexican

authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA. RODRIGUEZ remained in Federal Prison in Mexico until he was declared innocent on August 14, 2003.

32. As a result of this breach of the implied warranty of merchantability existing at California Commercial Code §§2315, 2316, 2317, 2714, 2715 et. seq.; 15 USC 47, Sections 2068 et seq. and section 2072(a); 15 USC 50 sections 2308 et. seq.; Uniform Commercial Code §2a-216, 2-314, 2-212 et seq.; plaintiffs have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**SECOND CAUSE OF ACTION**

BREACH OF CONTRACT

33. On or about March 5, 2003, RODRIGUEZ purchased the SUBJECT VEHICLE from USA. The contract was in writing and consisted of a document to transfer title to ALI JAZMIN RODRIGUEZ.

34. An implied in fact and implied in law term of the contract was that the USA would conduct a complete and thorough search of the SUBJECT VEHICLE before it was sold at a public auction to ensure that excessive amounts of contraband were not remaining in the SUBJECT VEHICLE. The USA had an official duty under its Customs' policies and procedures to thoroughly inspect the SUBJECT VEHICLE for narcotics before the same was released into the chain of commerce.

It was foreseeable that the failure to conduct an adequate search and to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that any driver of the SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

35. The implied term to conduct a thorough and adequate search was breached when the USA failed to conduct a thorough and adequate search of the SUBJECT VEHICLE before selling the SUBJECT VEHICLE to RODRIGUEZ. The USA officials failed to conduct an adequate search pursuant to a local USA Border Patrol policy to curtail searches in order to avoid causing damage that could diminish the resale value of the vehicle.

36. RODRIGUEZ is entitled to damages as the implied term to perform an adequate search of the SUBJECT VEHICLE was intended to benefit all potential occupants of the SUBJECT VEHICLE.

37. The defendants, and each one of them, breached the implied term in the contract by selling the SUBJECT VEHICLE to RODRIGUEZ with thirty three pounds of marijuana stored in a hidden compartment as a result of an incomplete and inadequate search.

38. The breach of the implied term in the contract was a substantial factor in causing plaintiffs' harm.

39. The breach of the implied term in the contract caused damage to plaintiffs on July 15, 2003 when RODRIGUEZ was

arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA.

40. RODRIGUEZ remained in Federal Prison in Mexico until he was declared innocent on August 14, 2003.

41. As a result of the defendant's breach, plaintiffs have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

**THIRD CAUSE OF ACTION**

BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

42. On or about March 5, 2003, RODRIGUEZ purchased the SUBJECT VEHICLE from USA. The contract was in writing and consisted of a document to transfer title to ALI JAZMIN RODRIGUEZ.

43. An implied in fact and implied in law term of the contract was that the USA would conduct a complete and thorough search of the SUBJECT VEHICLE before it was sold at a public auction to ensure that excessive amounts of contraband were not remaining in the SUBJECT VEHICLE. The USA had an official duty under its Customs' policies and procedures to thoroughly inspect the SUBJECT VEHICLE for narcotics before the same was released into the chain of commerce. It was foreseeable that the failure to conduct an adequate search and to remove excessive contraband would cause damage to any person who occupied said vehicle in

the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that any driver of the SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

44. The implied covenant of good faith and fair dealing was breached when the USA failed to conduct a thorough and adequate search of the SUBJECT VEHICLE before selling the SUBJECT VEHICLE. The USA officials failed to conduct an adequate search pursuant to a local USA Border Patrol policy to curtail searches in order to avoid causing damage that could diminish the resale value of the vehicle.

45. RODRIGUEZ is entitled to damages as the obligation to perform an adequate search of the SUBJECT VEHICLE was intended to benefit all potential occupants of the SUBJECT VEHICLE.

46. There was an implied covenant of good faith and fair dealing in the contract for the purchase of the SUBJECT VEHICLE from USA. The USA knew, or should have known, that the USA was in a position superior to that of the plaintiffs in regard to the detection and removal of contraband and that the plaintiffs would rely upon the USA to conduct a reasonable and adequate search. By curtailing the search to increase the potential resale value of the vehicles, the USA breached this covenant of good faith and fair dealing.

47. Plaintiffs are informed and believe and thereon allege that the USA breached the covenant of good faith and fair dealing existing in the purchase contract by not reasonably

searching the SUBJECT VEHICLE prior to its sale in order to avoid causing damage that could reduce the value of the SUBJECT VEHICLE at a public auction.

48. Defendants and each of them were aware of the fact that the plaintiffs relied upon the defendants, and each one of them, to act reasonably and in a manner that would not interfere and expose plaintiffs to criminal prosecution, loss of liberty, imprisonment, and other damages.

49. The SUBJECT VEHICLE was not reasonably clear of contraband before releasing the same for sale to plaintiffs. The defendants, and each one of them, had exclusive control of the SUBJECT VEHICLE after the seizure and before the auction sale. The plaintiffs expected the vehicle to be reasonably cleared of contraband before the vehicle was sold to them.

50. The defendants knew, or should have known, that a failure to conduct a thorough and complete search would subject the purchaser of the vehicle to subsequent arrest and detention if contraband was left in the vehicle at the time of the sale and thereafter discovered by law enforcement agents.

51. At the time of the transaction, it was reasonable to expect that the SUBJECT VEHICLE was reasonably clear of contraband. It was foreseeable that the failure to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency. As such, it was foreseeable that any driver of the

SUBJECT VEHICLE would suffer damage if the vehicle was not reasonably clear of contraband.

52. The defendants, and each one of them, breached the implied covenant of good faith and fair dealing in the contract by knowingly conducting a reckless and inadequate search in order to increase the resale value of the seized vehicle. The policy to curtail the search caused the SUBJECT VEHICLE to contain thirty three pounds of marijuana stored in a hidden compartment at the time that the SUBJECT VEHICLE was sold to PLAINTIFFS.

53. The breach of the implied covenant of good faith and fair dealing in the contract was a substantial factor in causing plaintiffs' harm.

54. The breach of the implied term in the contract caused damage to plaintiffs on July 15, 2003 when RODRIGUEZ was arrested and imprisoned by the Mexican authorities after the discovery of the marijuana left in the SUBJECT VEHICLE by USA.

55. RODRIGUEZ remained in Federal Prison in Mexico until he was declared innocent on August 14, 2003.

56. As a result of the defendant's breach, plaintiffs have sustained damages including, but not limited to, loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be established at trial.

## PRAYER

Plaintiffs pray judgment as follows:

1. For general, special and statutory damages according to proof;
2. Statutory attorneys fees and costs according to proof including but not limited to attorney fees and costs pursuant to 28 USC §2412(d)(1)(A) [Equal Access to Justice Act] and CCP §1021.5;
3. For costs of suit herein incurred;
4. For such other and further relief as the court may deem proper.

DATED: 4-11-05

SUPPA, TRUCCHI, AND HENEIN

TERESA TRUCCHI
ATTORNEY FOR PLAINTIFFS
ADRIAN and ALI JAZMIN RODRIGUEZ

**CASE NAME:** RODRIGUEZ v. U.S. et. al.
**CASE NO.:** 05-370C

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**DECLARATION OF SERVICE BY MAIL**

I, the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of eighteen (18) years, and not a party to the action; and I am employed in the County of San Diego, California, in which county the within-mentioned mailing occurred. My business address is 3055 India Street; San Diego, CA 92103.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following document(s):

**COMPLAINT FOR DAMAGES**

by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each addressee respectively, as follows:

Richard Tolles
Assist. U.S. Attorney
OFFICE OF THE U.S. ATTORNEY
SOUTHERN DISTRICT OF CALIFORNIA
880 Front Street, Rm. 6293
San Diego, CA 92101
**ATTORNEY FOR THE UNITED STATES OF AMERICA**

I then sealed each such envelope and, with first class postage fully prepaid, placed each for collection and mailing, certified mail return receipt requested, at San Diego, CA, on April 13, 2005 following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on April 13, 2005 at San Diego, CA.

TERESA TRUCCHI