No. 05-370C
(Judge Lettow)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ADRIAN RODRIGUEZ and ALI JAZMIN RODRIGUEZ,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, WITH APPENDIX**

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHYRN A. BLEECKER
Assistant Director

ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

July 29, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Nature of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. This Court Lacks Jurisdiction to Entertain Plaintiffs' Claims . . . . . . . . . . . . . . . . 6

A. Legal Standard Under RCFC 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. The Court Lacks Jurisdiction To Consider Claims For Damages Grounded In Tort . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C. The Court Lacks Jurisdiction To Entertain Adrian Rodriguez's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II. Plaintiffs Have Failed To State A Claim Upon Which Relief Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A. Legal Standard Under RCFC 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. The Damages Plaintiffs Seek Are Not Recoverable As A Matter Of Law . . . . . . . . . . . . . . . . . . . . . . . . . 11

C. Plaintiffs Have Failed To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing . . . . . . . . . . 13

III. Summary Judgment Is Warranted With Respect To Each Count Of Plaintiffs' Complaint Because There Is No Dispute That The Vehicle Was Purchased Upon An "As Is, Where Is" Basis . . . . . . . . . 14

A. Legal Standard Under RCFC 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B. Plaintiffs Purchased The Vehicle Upon An "As Is, Where Is" Basis . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## CASES

Airplane Sales Int'l Corp. v. United States,
54 Fed. Cl. 418 (2002) . . . . . 17

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . 14

Betz v. United States,
40 Fed. Cl. 286 (Fed. Cl. 1998) . . . . . 8

Bixby Ranch Co. v. United States,
35 Fed. Cl. 674 (1996) . . . . . 16

Blaze Constr., Inc. v. United States,
27 Fed. Cl. 646 (1993) . . . . . 11

Bray v. United States,
48 Fed. Cl. 781 (2001) . . . . . 8

California Fed. Bank v. United States,
395 F.3d 1263 (Fed. Cir. 2005) . . . . . 11

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . 14

Cienega Gardens v. United States,
194 F.3d 1231 (Fed. Cir. 1998) . . . . . 9

Commodities Recovery Corp. v. United States,
34 Fed. Cl. 282 (1995) . . . . . 17

Dairyland Power Cooperative v. United States,
16 F.3d 1197 (Fed. Cir. 1994) . . . . . 15

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (1984) . . . . . 7

Fadem v. United States,
13 Cl. Ct. 328 (1978) . . . . . 8

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Franklin Savings Corp. v. United States,
56 Fed. Cl. 720 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Golden Pacific Bancorp v. United States,
15 F.3d 1066 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Gould, Inc. v. United States,
935 F.2d 1271 (Fed. Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kania v. United States,
227 Ct. Cl. 458, 650 F.2d 264 (Ct. Cl. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mostowy v. United States,
966 F.2d 668 (Fed. Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Pratt v. United States,
50 Fed. Cl. 469 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rice v. United States,
31 Fed. Cl. 156 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table) . . . . . . . . . . . . . . . . . 6

SAB Constr., Inc. v. United States,
No. 02-1952C, 2005 WL 1515900 (Fed. Cl. June 10, 2005) . . . . . . . . . . . . . . . . . . . 11, 13

Shearin v. United States,
992 F.2d 1195 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sweats Fashions, Inc. v. Pannill Knitting Co.,
833 F.2d 1560 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Solar Turbines, Inc. v. United States,
26 Cl. Ct. 1249 (1992), aff'd, 114 F.3d 1206 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . 13

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . 7

W & D Ship Decks Works v. United States,
39 Fed. Cl. 638 (1997) . . . . . . . . . . 10

Wood v. United States,
961 F.2d 195 (Fed. Cir. 1992) . . . . . . . . . . 7

**STATUTES**

15 U.S.C. § 2068 . . . . . . . . . . 16

15 U.S.C. § 2072 . . . . . . . . . . 16

15 U.S.C. § 2308 . . . . . . . . . . 16

28 U.S.C. § 1346 . . . . . . . . . . 2, 7

28 U.S.C. § 1367 . . . . . . . . . . 5

28 U.S.C. § 1491 . . . . . . . . . . 2

**OTHER MATERIALS**

Restatement (Second) of Contracts § 351 . . . . . . . . . . 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADRIAN RODRIGUEZ and<br>ALI JAZMIN RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-370C<br>(Judge Lettow) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, WITH APPENDIX**

Pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted or, in the alternative, grant summary judgment in favor of the United States because there are no genuine issues of material fact and we are entitled to summary judgment as a matter of law. In support of this motion, we rely upon the pleadings, the following brief, defendant's proposed findings of uncontroverted facts filed pursuant to RCFC 56(h)(1), and the materials contained in the appendix filed in support of and attached to this motion ("Def. App. __").

# DEFENDANT'S BRIEF

## ISSUES PRESENTED

1. Whether this Court possesses jurisdiction to entertain a claim for damages arising out of the sale of an automobile where the damages plaintiffs seek are grounded in tort.

2. Whether the Court possesses jurisdiction to entertain the claim of Adrian Rodriguez for breach of contract where he was never in contractual privity with the Government.

3. Whether plaintiffs have stated a claim upon which relief can be granted where the damages plaintiffs seek are consequential in nature and do not directly result from the breaches of contract, warranty, or covenant alleged in the complaint.

4. Whether summary judgment with respect to plaintiffs' claims is warranted where there is no dispute that the sale was made upon an "as is, where is" basis.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiffs Adrian and Ali Jazmin Rodriguez purport to bring this action pursuant to the Little Tucker Act, 28 U.S.C. § 1346,[1] seeking damages arising from the purchase of an automobile by Ali Jazmin Rodriguez at an auction conducted upon behalf of the United States. Following the purchase, Adrian Rodriguez took the vehicle to Mexico, where he was imprisoned following the discovery by authorities of marijuana in a hidden compartment. Plaintiffs seek damages arising from Mr. Rodriguez's imprisonment, asserting that the United States breached

[1] The Court of Federal Claims's Tucker Act jurisdiction arises under 28 U.S.C. § 1491, not 28 U.S.C. § 1346.

the contract of sale, certain warranties that attached to the sale, and the implied covenant of good faith and fair dealing.

## II. Statement Of Facts[2]

On March 5, 2003, Ali Jazmin Rodriguez purchased a 1991 Volkswagen Passat at an auction conducted upon behalf of the United States. Def. App. 4 (Compl. ¶ 14).[3] The vehicle had been seized by the United States Customs Service ("Customs") at the border with Mexico after customs inspectors discovered that marijuana was concealed in the rear bumper and dashboard. Def. App. 3-4 (Compl. ¶¶ 8-14).

The auction was conducted by McCormack Auction Company ("McCormack"), in conjunction with EG&G Technical Services ("EG&G"). Def. App. 48. The auction was one of eleven public auctions that were held between November 6, 2002 and September 3, 2003 and advertised in a brochure published by EG&G. Id. Under the heading "terms and conditions," the brochure stated, among other things, that

> [a]ll merchandise is sold "As Is, Where Is" without warranty, or guarantee of any kind, stated, implied or otherwise. Please bid from your personal observations!

Id.

---

[2] For purposes of our motion to dismiss, and except where otherwise noted, we accept the factual allegations of the complaint. However, for purposes of our motion for summary judgment, we have included those facts described in the declaration of Charles F. Fulghum, Jr. (Def. App. 44) relating to the terms and conditions of the purchase agreement that gave rise to this litigation.

[3] Plaintiffs assert in their complaint that both Mr. and Mrs. Rodriguez were the purchasers of the vehicle. Def. App. 4 (Compl. ¶ 14). However, the invoice for the purchase, the form reflecting the transfer of title from the United States Customs Service, and the bidder registration form from the auction at which the vehicle was purchased all identify Mrs. Rodriguez as the sole bidder or buyer. Def. App. 50, 61, 62.

As a condition of participating in the March 5, 2003 auction, Mrs. Rodriguez completed and signed an EG&G bidder registration form. Def. App. 45, 50. The form stated, above Mrs. Rodriguez's signature, that "I agree to comply with the terms of sale contained in the sale catalog for this sale and all future sales I attend." Def. App. 50. The sales catalog in turn stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an "AS IS, WHERE IS" basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your own personal observations.

Def. App. 51 (emphasis in original).

As reflected in an invoice that she received after the auction and had to present in order obtain title to the Volkswagen, Mrs. Rodriguez paid $600 for the vehicle, together with $200 for another car. Def. App. 46, 61. The invoice contained the following language at the bottom of the page:

> THANK YOU FOR ATTENDING TODAY'S AUCTION. PLEASE NOTE <u>ALL MERCHANDISE SOLD ON AN "AS IS, WHERE IS" BASIS WITH NO WARRANTIES OR GUARANTEES AS TO CONDITION, FITNESS TO USE, OR MERCHANT[A]BILITY STATED OR IMPLIED</u>. PLEASE BID FROM YOUR OWN PERSONAL OBSERVATION. ALSO, TOTAL INVOICE MUST BE PAID IN FULL BEFORE ANY PURCHASES MAY BE REMOVED. WE APPRECIATE YOUR BUSINESS AND YOUR COOPERATION.

Def. App. 61 (underscoring supplied).

On or about July 15, 2003, Mr. Rodriguez took the Volkswagen to a mechanic in Tijuana, Mexico. Def. App. 4 (Compl. ¶ 15).[4] The mechanic found 33 pounds of marijuana in a box on

---

[4] The complaint does not specify whether Mr. or Mrs. Rodriguez took the car to Mexico, instead using the gender-neutral term "Rodriguez." There is no dispute, however, that the person ultimately arrested and imprisoned was Mr. Rodriguez. <u>See</u> Def. App. 9 (Compl. ¶ 31) (asserting (continued...)

the underside of the car's body and contacted authorities. Id. ¶ 16. The Mexican police seized the car and arrested Mr. Rodriguez, who was imprisoned in Mexico until August 14, 2003. Id. ¶¶ 18-20.

On April 30, 2004, Mr. and Mrs. Rodriguez filed an action in the United States District Court for the Southern District of California against the United States, EG&G, and McCormack asserting, among other things, negligence, fraud, negligent misrepresentation, and negligent and intentional infliction of emotional distress. Def. App. 17. Plaintiffs alleged that as a result of defendants' actions, they suffered

> loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capacity, emotional distress, mental anguish, property damages, loss of consortium, loss of love, loss of companionship, loss of sexual relations, and other general and special damages in an amount to be determined at trial.

Def. App. 24-27 (¶¶ 40, 46, 52, 58); see also Def. App. 23 (¶¶ 33-34).

By order dated December 3, 2004, the district court dismissed plaintiffs' claims against the Government for lack of subject-matter jurisdiction, but granted plaintiffs leave to amend their complaint to assert "contract claim(s) in accordance with the Tucker Act." Def. App. 40.[5] On January 29, 2005, plaintiffs and the Government (the only remaining defendant) stipulated to the filing of a second amended complaint asserting breach of contract, breach of implied warranty,

---

[4](...continued)
that Rodriguez "remained in Federal Prison in Mexico until he was arrested") (emphasis added); Def. App. 20-21 (¶¶ 17-20) (describing the arrest and imprisonment of Mr. Rodriguez in Mexico).

[5] The court also declined to exercise supplemental jurisdiction over plaintiffs' state law claims against McCormack and EG&G, see 28 U.S.C. § 1367, and dismissed these claims without prejudice. Def. App. 39-40.

and breach of the implied covenant of good faith and fair dealing, which would in turn be "transferred to the United States Court of Federal Claims." Def. App. 41-42. The Court endorsed this stipulation on February 2, 2005. Def. App. 43.

On April 15, 2005, plaintiffs filed a complaint in this Court. Plaintiffs assert breach of warranty, breach of contract, and breach of the implied covenant of good faith and fair dealing. For each count, plaintiffs assert that, as a result of defendants' conduct, they suffered

> loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages in an amount to be determined at trial.

Def. App. 9, 11, 14 (Compl. ¶¶ 32, 41, 56).

## ARGUMENT

### I. THIS COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFFS' CLAIMS

#### A. Legal Standard Under RCFC 12(b)(1)

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although the factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. McCauley, 38 Fed. Cl. at 262-63; Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

**B. The Court Lacks Jurisdiction To Consider Claims For Damages Grounded In Tort**

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

The Federal Tort Claims Act confers exclusive jurisdiction upon the United States district courts to entertain tort claims against the United States. 28 U.S.C. 1346(b)(1); see e.g., Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992). As a result, and as the Court of Appeals for the Federal Circuit has explained,:

> the United States Court of Federal Claims lacks – and its predecessor the United States Claims Court lacked – jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases not sounding in tort."

Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993) (citations omitted).

Even though styled as a claim for breach of contract, a claim that seeks consequential damages is grounded in tort and therefore beyond the jurisdiction of the Court. As the United States Court of Claims explained in Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 269 (Ct. Cl. 1981), "Courts do not, in awarding breach damages, follow through the remote indirect consequences of the breach as distinct from those directly in contemplation of the parties." The Kania court further explained that the jurisdictional basis for plaintiff's request for attorneys' fees allegedly incurred as a result of the Government's breach of a contract was "extremely dubious," and that such damages were not recoverable in the Court of Claims. Id.

Employing similar reasoning, this Court has repeatedly dismissed claims seeking damages grounded in tort for lack of jurisdiction. For example, in Pratt v. United States, 50 Fed. Cl. 469 (2001), a purchaser of real property at a tax lien sale sued the United States for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious breach of contract, and restitution. In considering these claims, the Court held that it "lack[ed] jurisdiction to award plaintiff's prayer for damages for emotional distress and pain and suffering." Id. at 482; see also Betz v. United States, 40 Fed. Cl. 286, 291 (Fed. Cl. 1998) (dismissing for lack of jurisdiction claims seeking non-economic damages for pain, suffering, inconvenience, mental anguish, emotional distress, injury to reputation, and humiliation); Bray v. United States, 48 Fed. Cl. 781, 783-84 (2001) (no jurisdiction over claims seeking consequential damages incurred as a result of allegedly erroneous withholding of pay); Fadem v. United States, 13 Cl. Ct. 328, 335 (1978) ("Traditional tort claims, such as claims for personal injury, are clearly beyond the jurisdiction of the Claims Court.").

The losses for which plaintiffs seek recovery in this case fall squarely and entirely into the category of damages not available in this Court. Although plaintiffs' claims purport to sound in contract, the losses specifically identified in the complaint – loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, and property damages, Def. App. 9, 11, 14 (Compl. ¶¶ 32, 41, 56) – are classic measures of tort liability. Each of these categories of loss, in fact, were among those identified in plaintiffs' complaint filed against the Government pursuant to the Federal Tort Claims Act. Def. App. 23-27 (¶¶ 33, 34, 40, 46, 52, 58). Further, plaintiffs' complaint is conspicuously devoid of any allegation that they suffered the type of economic injury – such as the difference between the value of goods contracted for and the value of the goods received – that are typically available to a plaintiff seeking damages for breach of contract. Plaintiffs' claims in this action are simply restatements of the tort claims they brought under the Federal Tort Claims Act, and are therefore beyond the jurisdiction of the Court.

### C. **The Court Lacks Jurisdiction To Entertain Adrian Rodriguez's Claims**

It is well settled that "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract . . ., there must be privity of contract between the plaintiff and the United States." Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998). Notwithstanding the allegation in plaintiffs' complaint that both plaintiffs purchased the car from the United States, there can be no dispute in this case that the only purchaser of the vehicle in question in this case, and the only person to whom the United States transferred title, was Ali

Jazmin Rodriguez. See Def. App. 50, 61, 62.[6] For this reason, the Court lacks jurisdiction to entertain plaintiffs' claims to the extent they seek damages suffered by Adrian Rodriguez.

We note in this regard that the majority of categories of loss that plaintiffs claim to have suffered – loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages – appear to pertain to the person actually imprisoned in Mexico, Mr. Rodriguez. Further, plaintiffs apparently do not seek recovery in this case for those forms of damage that might conceivably be available to the spouse of a wrongfully imprisoned person – loss of consortium, loss of love, loss of companionship, and loss of sexual relations – even though Mrs. Rodriguez sought such damages in her claims before the district court. Def. App. 23 (¶ 34); see also Def. App. 24-27 (¶¶ 40, 46, 52, 58). To the extent they are within the Court's jurisdiction at all, plaintiffs' claims in this action must be limited to any contract-based losses actually suffered by Mrs. Rodriguez and, if none are claimed, the complaint should be dismissed for this reason alone.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Legal Standard Under RCFC 12(b)(6)

A motion to dismiss pursuant to RCFC 12(b)(6) should be granted where it appears beyond a doubt that plaintiff has failed to allege facts sufficient to support its claim. E.g., Mostowy v. United States, 966 F.2d 668, 672 (Fed. Cir.1992). In ruling on a RCFC 12(b)(6) motion to dismiss, the Court must accept as true the complaint's undisputed factual allegations

[6] Such materials, which form the terms of the contract upon which plaintiffs base their complaint, are properly considered in evaluating a motion to dismiss, see W & D Ship Decks Works v. United States, 39 Fed. Cl. 638, 647 & n.7 (1997), and in connection with our motion for summary judgment.

and should construe them in a light most favorable to plaintiff. Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir.1991)). However, "legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness." Blaze Constr., Inc. v. United States, 27 Fed. Cl. 646, 650 (1993).

**B. The Damages Plaintiffs Seek Are Not Recoverable As A Matter Of Law**

Section 351 of the Restatement (Second) of Contracts explains that

> [d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made. Loss may be foreseeable as a probable result of a breach because it follows from the breach (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

Because damages cannot be awarded where the breach alleged is merely a “substantial factor” in the cause of a loss,“the causal connection between the breach and the [loss] must be ‘definitely established.’” California Fed. Bank v. United States, 395 F.3d 1263, 1267-68 (Fed. Cir. 2005). As this Court recently explained, “In order to recover a damage, ‘there must be no intervening incident (not caused by the defaulting party) to complicate or confuse the certainty of the result between the cause and the damage; the cause must produce the effect inevitably and naturally, not possibly nor even probably.’” SAB Constr., Inc. v. United States, No. 02-1952C, 2005 WL 1515900, at *10 (Fed. Cl. June 10, 2005) (quoting Myerle v. United States, 33 Ct. Cl. 1, 26, 1800 WL 2024 (1897)).

The facts of SAB Construction illustrate the exacting degree of causation required to demonstrate damages arising out of liability for breach of contract (as opposed to tort). There, the plaintiff sought damages for breach of contract due to the discovery of asbestos at the site of a

renovation project. Among the damages sought were the litigation expenses incurred in separate litigation against another contractor, which litigation, according to the plaintiff, was caused by the "nature of the government's breach." 2005 WL 1515900, at *11. The Court rejected this theory of damage, explaining that the mere fact that the breach may have been a "but-for" cause of the separate litigation, "this theory of causation is too broad. The decision to bring the suit, and to incur the costs, rested with the plaintiff. The plaintiff's decision breaks the chain of causation between the government's alleged breach and the litigation because the litigation did not flow 'inevitably and naturally' from the government's alleged breach." Id.

Plaintiffs' claims for damages in this case similarly fall outside the ordinary course of events, and are the result of several unfortunate intervening events beyond the Government's control. Plaintiffs allege in their complaint that "it was foreseeable that the failure to conduct an adequate search and to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency." Def. App. 7, 10, 11 (Compl. ¶¶ 28, 34, 43). However, the damage that plaintiffs claim was foreseeable is hardly of the type that the parties to the contract could possibly have contemplated. Mr. Rodriguez (who, as noted above, was not a party to the contract for the sale of the vehicle and was therefore not a person to whom the Government owed a contractual duty) unilaterally determined to take the car to a foreign country. Upon the discovery of marijuana in the car, Mr. Rodriguez was arrested and imprisoned for one month without having the opportunity to demonstrate his innocence. The lengthy pretrial imprisonment of an apparently innocent man by authorities in a foreign country is not a direct or natural result of a breach of a contract for the sale of an automobile with the man's wife. Instead, Mr.

Rodriguez's detention is the result of an "intervening incident" that "complicate[s] or confuse[s] the certainty of the result between the cause and the damage," SAB Constr., 2005 WL 1515900 at *10, and is ultimately the responsibility of those who imprisoned Mr. Rodriguez in Mexico without cause. Thus, the damages plaintiffs claim to have suffered are unforeseeable and indirect and unrecoverable as a matter of law.

### C. Plaintiffs Have Failed To State A Claim For Breach Of the Implied Covenant Of Good Faith And Fair Dealing

"There is a strong presumption that the government acted in good faith. This presumption can be surmounted only with a proffer of 'well nigh irrefragable proof' of the government's bad faith which requires a showing of the government's specific intent to injure or actual malice on the part of the government toward the plaintiff." Franklin Savings Corp. v. United States, 56 Fed. Cl. 720, 746 (2003) (citations and internal quotation marks omitted).

Here, plaintiffs have not made any allegation, let alone proffered "irrefragable proof," that the Government intended to injure them. Indeed, the only allegations supporting plaintiffs' claim for breach of the implied covenant of good faith and fair dealing are its contentions that the Government failed to conduct an adequate search of the Volkswagen prior to the sale. See Def. App. 12 (Compl. ¶ 44). At best, this allegation suggests that Government officials failed to make a sufficiently diligent search of the vehicle before permitting it to be sold. This allegation in no way suggests that any Government official acted with the intent to injure the general public, let alone the particular plaintiffs in this lawsuit.

Moreover, it is settled law that an alleged violation of the implied covenant of good faith and fair dealing must be grounded in "the express provisions of th[e] contract." Solar Turbines,

Inc. v. United States, 26 Cl. Ct. 1249, 1274 (1992), aff'd, 114 F.3d 1206, 1997 WL 291971 (Fed.Cir.1997). Again, plaintiffs have failed to make even a single allegation in their complaint linking the asserted breach of the implied covenant to the express contract between the parties. In fact, and as set forth below, the express provisions of the contract between the parties make clear that the Government made no warranty to Ali Rodriguez concerning the condition of the vehicle she purchased. As a result, plaintiffs' allegation that the Government breached the implied covenant of good faith and fair dealing necessarily fails.

## III. SUMMARY JUDGMENT IS WARRANTED WITH RESPECT TO EACH COUNT OF PLAINTIFFS' COMPLAINT BECAUSE THERE IS NO DISPUTE THAT THE VEHICLE WAS PURCHASED ON AN "AS IS, WHERE IS" BASIS

### A. Legal Standard Under RCFC 56(c)

Summary judgment must be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." RCFC 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Golden Pacific Bancorp v. United States, 15 F.3d 1066, 1070 (Fed. Cir. 1994). A "material fact" is one "that might affect the outcome of the suit under the governing law," and "summary judgment will not lie if the dispute about a material fact is 'genuine.'" Anderson, 477 U.S. at 248. A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. Anderson, 477 U.S. at 248; Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562 (Fed. Cir. 1987).

As the moving party, the defendant may discharge its burden by demonstrating an absence of evidence as to an essential element of plaintiff's cause of action. Celotex, 477 U.S. at 322-25. If defendant makes its threshold showing, the burden shifts to the plaintiff to adduce

evidence sufficient to create a genuine issue of material fact. Failure to make this evidentiary showing is fatal to plaintiff's claim and will entitle the movant to judgment as a matter of law. Dairyland Power Cooperative v. United States, 16 F.3d 1197, 1201 (Fed. Cir. 1994).

**B. Plaintiffs Purchased The Vehicle Upon An "As Is, Where Is" Basis**

Each of plaintiffs' claims is based upon one of two sets of assertions – (1) that "there was an implied warranty that the SUBJECT VEHICLE was reasonably clear of contraband before releasing the same for sale to plaintiffs," and this warranty was breached, Def. App. 6-8 (Compl. ¶¶ 25, 29 (Count I)); or (2) "[a]n implied in fact and implied in law term of the contract was that the USA would conduct a complete and thorough search of the SUBJECT VEHICLE before it was sold at public auction to ensure that excessive amounts of contraband were not remaining in the SUBJECT VEHICLE," and the United States violated these terms, Def. App. 9-12 (Compl. ¶¶ 34-35 (Count II), 43-44 (Count II)). Thus, plaintiffs' claims are predicated upon the existence of an implied warranty or contractual term concerning the non-existence of contraband in the vehicle.

As an initial matter, we are unaware of any legal authority for plaintiffs' assertions concerning the existence of such an implied warranty or an implied contractual term. Although plaintiffs cite in paragraph 32 of their complaint (Def. App. 9) to the

> implied warranty of merchantability existing at California Commercial Code §§ 2315, 2316, 2317, 2714, 2715 et. seq.; 15 U.S.C. 47, Sections 2068 et seq. and section 2072(a); 15 U.S.C. 50 sections 2308 et seq; [and] Uniform Commercial Code §2a-216, 2-314, 2-212 et seq.,

none of these provisions governs the terms of the transaction at issue in this case. It is well settled that "[c]ontracts that involve the federal government or its agencies are governed by

federal law rather than by the law of the particular states in which the contracts are executed or performed." Bixby Ranch Co. v. United States, 35 Fed. Cl. 674, 678 (1996). As a result, plaintiffs' reliance upon California law and the Uniform Commercial Code is misplaced.

Plaintiffs' citation to Federal authority, which we understand to include 15 U.S.C. §§ 2068, 2072, 2308, is similarly inapposite. 15 U.S.C. § 2068 prohibits certain sales practices; 15 U.S.C. § 2072 authorizes persons injured by violations of consumer product safety rule to bring suit in United States district court; and 15 U.S.C. § 2308 restricts the use if disclaimers of implied warranties. None of these provisions is the source of any type of implied warranty concerning the merchantability of the product offered or, more germane to this lawsuit, in any way provides a legal basis for an additional warranty (i.e., something above and beyond a warranty that an automobile can be safely driven) that a product is free of contraband.

In any event, plaintiffs' allegations wholly overlook the undisputed fact that Mrs. Rodriguez purchased the vehicle on an "as is, where is" basis, without warranty or guarantee of any kind, stated, implied or otherwise. Bidders were so informed prior to the auction, and the invoice Ms. Rodriguez received for the vehicle and the bidder registration form she signed clearly and unambiguously contained or incorporated language indicating that the sale was on "as is, where is" basis, without any stated or implied warranty or guarantee as to the condition or merchantability of the vehicle or its fitness for use. Def. App. 48, 50, 51, 61. The "as is" nature of the sale, together with the disclaimer against implied warranties, necessarily precludes plaintiffs from establishing a critical element of their claim – an implied warranty or implied contractual term concerning the non-existence of contraband in the vehicle.

Finally, plaintiffs cannot credibly contend that the disclaimer is invalid. As this Court noted explained in Commodities Recovery Corp. v. United States, 34 Fed. Cl. 282 (1995), "disclaimers of this type, uniformly, have been upheld by federal courts." Id. at 292; see also Airplane Sales Int'l Corp. v. United States, 54 Fed. Cl. 418, 421 (2002). This is so, the Court has noted, "even if they appear to place a harsh risk of loss on the buyers." Commodities Recovery, 34 Fed. Cl. at 292. Undoubtedly, the losses alleged to have taken place in this case are unfortunate. However, they are losses for which, due to the nature of the sale agreement and the auction at which the vehicle was purchased, the United States is not, as a matter of law, responsible.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss the complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted or, in the alternative, grant our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHYRN A. BLEECKER
Assistant Director

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118
Attorneys for Defendant

July 29, 2005