30

2004V00422

RECEIVED
SAN DIEGO, CA
2004 DEC -9 A 8:20
CIVIL DIVISION
U.S. ATTORNEY
DEPT. OF JUSTICE

FILED
04 DEC -7 PM 3:32
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

CALENDAR
DOCKETS
SECY
ATTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ, ALI JAZMIN RODRIGUEZ,<br>Plaintiffs,<br>v.<br>UNITED STATES OF AMERICA, EG&G TECHNICAL SERVICES, INC., a Delaware corp.; McCORMACK AUCTION COMPANY, a California corporation,<br>Defendants. | Civil No. 04cv0905 JAH (BLM)<br><br>**ORDER GRANTING DEFENDANT UNITED STATES' MOTION TO DISMISS [DOC. # 9]; *SUA SPONTE* DISMISSING CLAIMS AGAINST THE REMAINING DEFENDANTS; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THE COMPLAINT; AND DENYING PLAINTIFFS' REQUEST TO TRANSFER** |

## INTRODUCTION

Now before the Court is defendant United States of America's ("defendant") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs filed an opposition to the motion to dismiss, seeking alternatively for leave to amend or transfer, and defendant filed a reply. Having fully reviewed the matters presented, this Court **GRANTS** the defendant United States' motion to dismiss, **DISMISSES** the instant complaint against defendant United States, *sua sponte* **DISMISSES** the claims against the remaining defendants, **GRANTS IN PART** and **DENIES IN PART** plaintiffs' request for leave to amend, and **DENIES** plaintiffs' request to transfer.

//

23

## BACKGROUND

### 1. Factual Background

On November 18, 2002, a 1991 Volkswagen Passat was driven into the United States from the Republic of Mexico at the San Ysidro, California Port of Entry and subsequently seized by a United States Customs Inspector after the discovery of thirty-two packages of marijuana, wrapped in cellophane concealed in the bumper and dashboard. Compl. ¶¶ 11-13. The vehicle was forfeited to the United States and thereafter presented for sale in a public auction through a federal forfeiture sale. Id. ¶¶ 15-16. The United States contracted with defendant EG&G Technical Services Inc. ("EG&G") to direct and organize the federal forfeiture sale and the auction was conducted by defendant McCormack Auction Company ("McCormack"). Id. ¶ 16. Plaintiff Jazmin Rodriguez purchased the vehicle at the public auction on March 5, 2003. Id. at 4, 7-8. About two months later, on July 15, 2003, plaintiff Adrian Rodriguez, plaintiff Jazmin Rodriguez's husband, brought the vehicle to a mechanic in Tijuana, Mexico, where thirty-three pounds of marijuana in a box on the underside of the vehicle's body was discovered. Id. ¶¶ 17-18. The manager of the repair shop then contacted the police in Mexico. Id. ¶ 18 Plaintiff Adrian Rodriguez was subsequently arrested and the vehicle was seized by Mexican federal officers. Id. After being imprisoned in Mexico for about one month, plaintiff Adrian Rodriguez was found innocent of all charges and released on August 14, 2003. Id. ¶¶ 18-22.

### 2. Procedural History

On October 22, 2003, plaintiffs Adrian and Jazmin Rodriguez (hereinafter collectively "plaintiffs") filed an administrative claim with the United States under the requirements of the Federal Torts Claims Act ("FTCA"), codified at 28 U.S. §§ 1346(b) and 2671, *et seq.* *See* Compl. ¶ 24. The administrative claim was denied on April 22, 2004. Id.

The instant complaint was filed on April 30, 2004, alleging negligence and negligent and intentional infliction of emotional distress against defendant United States pursuant to the

FTCA.[1] *See* Compl. at 1, 6, 10-12. In lieu of an answer, defendant filed the instant motion to dismiss on July 23, 2004. Plaintiffs' opposition was filed on September 2, 2004 and defendant's reply was filed on September 9, 2004. The motion was subsequently taken under submission without oral argument pursuant to CivLR 71.(d.1).

## DISCUSSION

Defendant moves to dismiss the complaint pursuant to Federal Rule Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**I. Legal Standard [Fed.R.Civ.P. 12(b)(1)]**

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publishing Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979); *see also* Fed. R. Civ. P. 12(b)(1). Under Fed R. Civ. P. 12(b)(1), the party invoking federal jurisdiction has the burden of showing that jurisdiction is proper. Thornhill, 594 F.2d at 733 (9th Cir. 1979); *see also* Stock West Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). "[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in doing so rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. Because plaintiff bears the burden of establishing subject matter jurisdiction, no presumption of truthfulness attaches to the allegations of plaintiff's complaint and the Court must presume it lacks jurisdiction until plaintiff establishes jurisdiction. Stock West, 873 F.2d at 1225.

//

//

//

[1] The complaint also alleges various tort claims against non-moving defendants EG&G and McCormack.

2. **Analysis**

Defendant's sole argument presented in the instant motion is that the Court lacks subject matter jurisdiction over plaintiffs' claims because the United States has sovereign immunity under the FTCA for cases arising in a foreign country. Plaintiffs oppose the motion. Alternatively, plaintiffs request leave to file an amended complaint or transfer their claims to the Federal Court of Claims.

**A. Defendant's Motion to Dismiss**

**1. Legal Standard for FTCA Claims**

The FTCA provides for federal court jurisdiction over actions against the United States for injury "caused by the negligent or wrongful act of omission of any employee of the Government while acting *within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Hence, the United States waives sovereign immunity for particular claims under the FTCA. *See* Blackburn v. United States, 100 F.3d 1426, 1429 (9th Cir. 1996). However, the FTCA limits the statutory waiver of sovereign immunity through exceptions which were designed to "ensure that 'certain governmental activities' not be disrupted by the threat of damages suits" and to "avoid exposure of the United States to liability for excessive or fraudulent claims." Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003)(quoting Kosak v. United States, 465 U.S. 848, 858 (1984)). The district court lack subject matter jurisdiction over thirteen categories of claims, including any claim "arising in a foreign country." 28 U.S.C. 2680(k). Thus, a claim against the United States under the FTCA must seek redress from a United States employee "acting with the scope of this office or employment," 28 U.S.C. § 1346(b), whose actions are alleged to be negligent or wrongful, and the action does not fall under one of the statutory exceptions in 28 U.S.C. § 2680.

Recently, the United States Supreme Court, addressed the foreign country exception to waiver of sovereign immunity under the FTCA. *See* Sosa v. Alvarez-Machain ("Sosa"), 124 S.Ct. 2739 (2004). In Sosa, the plaintiff, a Mexican physician, sued the United States for false arrest,

seeking damages under the FTCA after having been kidnaped from his house in Mexico and brought to Texas where he was arrested on a valid search warrant issued by a judicial officer in the Central District of California. *See* Sosa, 124 S.Ct at 2746. The plaintiff was granted a judgment of acquittal and, later, filed a complaint against the United States and the Drug Enforcement Agency agents that arrested him, as well as the Mexican civilians who kidnaped him, for injury caused by their "negligent or wrongful act[s] or omission[s]." Id. at 2747. The United States moved to dismiss, relying upon the foreign country exception. The Ninth Circuit reversed the district court, finding that the exception did not apply due to the "headquarters doctrine," which allowed a claim to proceed despite the foreign country exception "if harm occurring in a foreign country was proximately caused by acts in the United States." Alvarez-Machain v. United States, 331 F.3d 604, 638 (9th Cir. 2003). The Supreme Court, however, reversed the Ninth Circuit, specifically rejecting the "headquarters doctrine," and holding that the "FTCA's foreign country exception bars all claims based on any injury suffered in a foreign country, regardless of where the tortuous act or omission occurred." Id. at 2754.

2. Analysis

Defendant contends that, because the foreign country exception applies to this case, its sovereign immunity has not been waived and, therefore, subject matter jurisdiction is lacking. Plaintiffs contend, in opposition, that (a) the United States waived its sovereign immunity by engaging in a commercial transaction; (b) sovereign immunity cannot be invoked absent a showing that the actions were discretionary and within the outer perimeters of the government actor's duties and no such showing has been made; and (c) the instant case is distinguishable from Sosa, rendering the foreign country exception inapplicable.[2]

[2] Plaintiffs also take issue with defendant's position on the inapplicability of the FTCA exception set forth in 28 U.S.C. § 2860(c) (the detention of goods exception) because defendant presented the exception in support of its motions to dismiss in two prior lawsuits with similar facts as the instant case. *See* Opp. at 28-29. Plaintiffs concede that the exception is inapplicable to the instant case but argue that "the fact the [United States] relied upon this exception in a similar case provides further support for the contention that the claim in this case 'arose' when the defective product was sold" in the United States. Id. at 29. Defendant does not dispute that 28 U.S.C. § 2680(c) is irrelevant to the issues here. *See* Reply at 6. This Court notes that, in the prior cases in which defendant presented the detention of goods exception, the exception was found to be used rarely. *See* Cervantes, 330 F.3d at 1188. This Court is unconvinced that defendant's prior use of an exception found to be rarely used provides support for plaintiffs' current position.

**a. Waiver of Sovereign Immunity by Engaging in Commercial Transaction**

Plaintiffs first argue that the United States waived its sovereign immunity through the act of engaging in a commercial transaction with its citizens. Opp. at 14 (citing Franconia Associates v. United States, 536 U.S. 129, 141 (2002)). However, as defendant explains, the Supreme Court, in Franconia, held that the United States waived its sovereign immunity under the Tucker Act, 28 U.S.C. § 1491, which provides a waiver for contract claims. Reply at 3 (citing Franconia, 536 U.S. at 141; 28 U.S.C. § 1491(a)(1)). According to defendant, the Supreme Court, in Franconia, was referring to a "preexisting waiver of immunity [under the Tucker Act]: '[o]nce the United States waives its immunity and does business with its citizens,'" and not waiver based solely on the fact that the government was engaging in a business transaction. Id. (quoting Franconia, 536 U.S. at 141).

This Court's review of the case law in this area reflects that defendant's interpretation is correct. The Supreme Court, Franconia, explicitly found that "[a] waiver of the sovereign immunity of the United States 'cannot be implied but must be unequivocally expressed'" and that waiver must be made by Congress and not solely by participation in a business transaction. 536 U.S. at 141-42. Accordingly, plaintiffs' first argument fails.

**b. Requirement of a Showing that the Government Actors' Actions were Discretionary and Within the Outer Perimeter of Governmental Duties**

Plaintiffs next contend that the United States' sovereign immunity cannot be invoked unless there is a showing that the actions were "'discretionary ... and ... within the outer perimeter'" of the government's duties. Opp. at 16 (quoting Westfall v. Erwin, 484 U.S. 292, 294 (1988) and citing Doe v. McMillan, 412 U.S. 306 (1973)). Plaintiffs argue that the determination of whether the government's actions here were discretionary and within the outer perimeter is a question of fact that cannot be resolved on a motion to dismiss. Id. at 21.

In reply, defendant contends that sovereign immunity is not conditional on such a showing. Reply at 5. Defendants point out that "[t]he FTCA is devoid of language limiting the foreign country exception to discretionary acts within the outer perimeter of official authority."

Id. Defendant further points out that the Westfall and Doe cases cited by plaintiffs were actions against individual federal officers only and not against the United States.[3] Reply at 5-6. Thus, according to defendant, these cases do not concern the question of sovereign immunity. Id. In addition, defendant claims that these cases were overruled statutorily by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (P.L. 100-694), codified as 28 U.S.C. § 2679(b) and (d), which provides absolute immunity in tort actions to federal employees acting within the scope of their employment. Id.

This Court's review of the case law and statutes reveals that defendant's interpretation is, again, correct. This Court finds a showing by the government officials that their actions were discretionary and within the outer perimeter of governmental authority is not required before sovereign immunity can be invoked. The Court has found nothing in the FTCA, or the case law interpreting it, to convince the Court that such a showing is required. Therefore, plaintiffs' second argument fails.[4]

c. Sosa Distinguished

Plaintiffs apparently do not dispute that the foreign country exception, 28 U.S.C. § 2680(k), renders subject matter jurisdiction lacking in cases sounding in tort, such as this one. However, plaintiffs argue that the Sosa case, which bars all cases sounding in tort where the injuries alleged arose in a foreign country pursuant to the foreign country exception, can be distinguished from the instant case, thereby rendering the foreign country exception to waiver of sovereign immunity inapplicable here. *See* Sosa, 124 S.Ct. at 2754. Thus, plaintiffs apparently invite the Court to carve out an exception to the rule announced in Sosa based on the facts presented here.

Plaintiffs contend the Sosa case is not analogous to the instant case because Sosa did not involve a commercial transaction, as here. *See* Opp. at 9-13. Defendant contends that this

---

[3] In Westfall, the United States was not named as a defendant at all and, in Doe, the United States was named as a defendant but was later dismissed. *See* Reply at 6.

[4] Because this Court finds a showing that the officials' actions were discretionary and outside the scope of their duties is not required to invoke sovereign immunity, this Court will not address plaintiffs' arguments concerning whether the actions were discretionary or within the scope of their duties. *See* Opp. at 25-27.

argument "is a thinly-veiled attempt to restore the 'headquarters doctrine' which Sosa rejected." Reply at 7. Defendants point out that both this case and Sosa "stemmed from agency action[s] [occurring] in the United States." Id. Defendant notes the Supreme Court rejected the contention that "'headquarters" acts "'proximately caus[ing] harm in a foreign country'" waives immunity on the basis that such a rule could "swallow the foreign country exception whole ...," which would be contrary to the intent of the legislature. Id. (quoting Sosa, 124 S.Ct. at 2748 & n.2, 2749, 2751). According to defendant, "plaintiffs cannot point to the commercial transaction in this case" in order to avoid the bar to suit under 28 U.S.C. § 2680(k), "anymore than the plaintiff in Sosa could point to DEA's domestic planning." Id.

A review of the Supreme Court's decision in Sosa reveals the Supreme Court did, in fact, specifically reject the headquarters doctrine in favor of a strict application of the foreign country exception to waiver of sovereign immunity. *See* Sosa, 124 S.Ct. at 2754 (the headquarters doctrine "should have no part in applying the foreign country exception."). Plaintiffs' argument that the Sosa decision is inapplicable here essentially seeks to resurrect the headquarters doctrine by pointing to the transaction that occurred in the United States as the proximate cause of the injuries alleged. This Court finds it clearly inappropriate to resurrect, in any way, a doctrine that the Supreme Court has explicitly rejected.

Plaintiffs also attempt to distinguish Sosa on the basis that plaintiffs' injuries were caused by the placement of the vehicle containing marijuana in the stream of commerce in the United States. *See* Opp. at 20. Plaintiffs suggest that these facts are similar to an American citizen being injured by a lawn chair purchased in the United States at a government surplus store. Id. at 21. According to plaintiffs, the foreign country exception does not bar such claims and, therefore, neither should plaintiffs' claims be barred. Id. In addition, plaintiffs point out that Jazmin Rodriguez' claimed loss of consortium was suffered in the United States and, therefore, should not be barred. Id.

As defendants explain, in Sosa, the Supreme Court found Congress' intent in enacting Section 2680(k) was to bar all tort suits "arising in a foreign country" where "'the last event necessary to make an actor liable'" occurred outside the United States. Reply at 8-9 (quoting

Sosa, 124 S.Ct. at 2751, n.3). Thus, this Court need only identify the "last event necessary to make an actor liable" to determine whether the suit arose in a foreign country.

In this Court's view, the placement of the vehicle in the stream of commerce in the United States does not effect the determination of the "last event necessary to make the actor liable." Sosa, 124 S.Ct. at 2751, n.3. The instant complaint clearly alleges that the government officials' failure to conduct a proper inspection of the vehicle caused the injuries to plaintiffs "when Adrian Rodriguez was arrested and imprisoned by the Mexican authorities." Compl. ¶ 32. The last event giving rise to plaintiff Adrian Rodriguez' claims was his arrest in Mexico because, but for his arrest, none of his alleged injuries would have occurred. Similarly, plaintiff Jazmin Rodriguez' claims, including her loss of consortium claim, are entirely dependent upon Adrian Rodriguez' arrest and incarceration in Mexico, in that such claims would not have arisen absent Adrian Rodriguez' arrest and incarceration.

Therefore, this Court finds that the Supreme Court's ruling in Sosa is clearly applicable to the facts in the instant case. Accordingly, this Court declines plaintiffs' invitation to carve out an exception to the foreign country exception.

3. **Conclusion**

Based on the foregoing, this Court finds that the United States has not waived its sovereign immunity afforded by the foreign country exception found in 28 U.S.C. § 2680(k) and confirmed by the Supreme Court in Sosa. This Court, therefore, finds as a matter of law that the United States has sovereign immunity against plaintiffs' tort claims under the foreign county exception to the Federal Tort Claims Act. Accordingly, defendant's motion to dismiss is GRANTED.

B. **Plaintiffs' Request for Leave to Amend**

Plaintiffs, alternatively, seek leave to amend the instant complaint to include facts involving a government policy implemented to "maximize the resale value of the vehicle at auction." Opp. at 3. However, this Court finds the addition of these facts would not defeat the instant motion nor provide a basis for subject matter jurisdiction over plaintiffs' tort claims against the United States. Therefore, plaintiffs' motion for leave to amend the instant

complaint in order to add additional facts is DENIED.

Plaintiffs also point out that the Tucker Act, 28 U.S.C. § 1491, waives the government's sovereign immunity for breach of contract claims and provides for concurrent jurisdiction between the district court and the Federal Court of Claims for claims under $10,000. *See* M-S-R Pub. Power Agency v. Bonneville Power Admin., 297 F.3d 833, 840 (9th Cir. 2002); *see also* 28 U.S.C. § 1346(a). Plaintiffs, thus, seek leave to amend the instant complaint to plead a cause of action based on contract. Defendant does not address the request in reply. This Court finds plaintiffs' request for leave to file an amended complaint to assert a contract claim reasonable so long as the claim complies with the Tucker Act. Accordingly, plaintiffs' request for leave to amend the instant complaint to assert a contract claim in accordance with the Tucker Act is GRANTED.

**C. Plaintiffs' Request to Transfer**

Plaintiffs also, alternatively, request the Court transfer this case to the Federal Court of Claims. Plaintiffs do not present any valid reason for the request. This Court notes that plaintiffs are free to reassert their claims by filing an action before the Federal Court of Claims if they so wish, and there does not appear to be any impediment to such an action. Accordingly, this Court finds plaintiffs' request to transfer the case to the Federal Court of Claims inappropriate. Therefore, plaintiffs' request to transfer this case to the Federal Court of Claims is DENIED.

**D. Defendants EG&G and McCormack**

Although defendants EG&G and McCormack have not moved to dismiss or join in the instant motion, this Court is mindful that the complaint alleges jurisdiction based on federal question and the United States as a party to the suit. This Court notes that defendants EG&G and McCormack are not alleged to be government actors and all causes of action against these defendants are based on state law. Thus, the Court's jurisdiction over these defendants is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Having dismissed the instant complaint against the United States due to lack of subject matter jurisdiction, this Court declines to exercise supplemental jurisdiction over the claims against defendants EG&G and

McCormack. Accordingly, the claims presented in the instant complaint against defendants EG&G and McCormack are *sua sponte* DISMISSED without prejudice.

## CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant United States's motion to dismiss is **GRANTED** and plaintiffs' claims against defendant United States under the Federal Tort Claims Act are **DISMISSED with prejudice** for lack of subject matter jurisdiction;
2. Plaintiffs' claims against defendants EG&G and McCormack are *sua sponte* **DISMISSED without prejudice;**
3. Plaintiffs' request for leave to amend the complaint to add additional facts is **DENIED;**
4. Plaintiffs' request for leave to amend the complaint to assert contract claim(s) in accordance with the Tucker Act is **GRANTED**; and
5. Plaintiffs' request to transfer the case to the Federal Court of Claims is **DENIED.**

Dated: December 3, 2004

JOHN A. HOUSTON
United States District Judge

cc: Magistrate Judge Battaglia
All Counsel of Record

41 2004 V00422

01/24/05 12:24 ☎ 002/007

Teresa Trucchi, Esq. (#135543)
SUPPA, TRUCCHI & HENEIN, LLP
3055 India Street
San Diego, CA 92103-6013
Telephone No.: (619) 297-7330
Telefax No. : (619) 297-9658

Attorneys for Plaintiff

05 FEB -3 AM 11:17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

RECEIVED
SAN DIEGO, C
2005 FEB -7 P 2:16
CIVIL DIVISION
U.S. ATTORNEY
DEPT. OF JUSTICE

ART

CALENDAR
DOCKETS
SECY
ATTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN RODRIGUEZ, ALI JAZMIN RODRIGUEZ,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | Case No: 04CV0905 JAH (BLM)<br><br>**STIPULATION TO TRANSFER AND DISMISS APPEAL**<br><br>HON. JOHN A. HOUSTON |

The parties to the above entitled action, by and through their attorneys of record, hereby stipulate and request relief from the Court as follows:

1. Plaintiffs shall dismiss the appeal filed in this matter and pending as Ninth Circuit Court of Appeal number 04-57112 without prejudice.

2. A Second Amended Complaint containing contract claims only shall be filed. The Second Amended Complaint shall contain the following causes of action:

32

(a) Breach of Contract;

(b) Breach of Implied Warranty;

(c) Breach of Covenant of Good Faith and Fair Dealing.

3. The Second Amended Complaint shall be transferred to the United States Court of Federal Claims in Washington, D.C.

4. Each party shall retain the right to assert any and all rights, defenses, claims, or contentions that otherwise exist and no waiver or limitation on any such rights, defenses, claims or contentions is intended or implied in this stipulation.

IT IS SO STIPULATED:

DATED: 1-29-05

SUPPA, TRUCCHI, AND HENEIN

TERESA TRUCCHI
ATTORNEY FOR PLAINTIFFS
ADRIAN AND JAZMIN RODRIGUEZ

DATED: 1/24/05

CAROL C. LAM
United States Attorney

RICHARD TOLLES
Assistant U.S. Attorney

ORDER

IT IS ORDERED that:

1. Plaintiffs shall dismiss the appeal filed in this matter and pending as Ninth Circuit Court of Appeal number 04-57112 without prejudice.

2. A Sixth Amended Complaint containing contract claims only shall be filed. The Sixth Amended Complaint shall contain the following causes of action:

(a) Breach of Contract;

(b) Breach of Implied Warranty;

(c) Breach of Covenant of Good Faith and Fair Dealing.

3. The Sixth Amended Complaint shall be transferred to the United States Court of Federal Claims in Washington, D.C.

4. Each party shall retain the right to assert any and all rights, defenses, claims, or contentions that otherwise exist and no waiver or limitation on any such rights, defenses, claims or contentions is intended or implied in this stipulation.

DATED: 2-2-2005

[signature]
UNITED STATES DISTRICT JUDGE