No. 05-370C
(Judge Lettow)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ADRIAN RODRIGUEZ and ALI JAZMIN RODRIGUEZ,

Plaintiffs,
v.

THE UNITED STATES,

Defendant.

---

**DEFENDANT'S CONSOLIDATED REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, RESPONSE TO PLAINTIFFS' MOTIONS FOR JOINDER, AND REPLY TO RESPONSE TO MOTION TO STRIKE**

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHYRN A. BLEECKER
Assistant Director

ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118

Attorneys for Defendant

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

December 14, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT

I. THIS COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFFS' CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III THERE IS NO DISPUTE THAT THE VEHICLE WAS PURCHASED ON AN "AS IS, WHERE IS" BASIS . . . . . . . . . . . . . . . . . . 8

IV. THE COURT SHOULD NOT PERMIT PLAINTIFFS TO AMEND THEIR COMPLAINT BECAUSE ANY ATTEMPT TO DO SO WOULD BE FUTILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES**

Adams v. United States,
20 Cl. Ct. 132 (1990) . . . . . . . . . . 3

Amcast Indus. Corp. v. Detrex Corp.,
132 F.R.D. 213 (N.D. Ind. 1990) . . . . . . . . . . 11

Atlas Corp. v. United States,
895 F.2d 745 (Fed. Cir. 1990) . . . . . . . . . . 4

Awad v. United States,
61 Fed. Cl. 281 (2004) . . . . . . . . . . 2

Barstow v. United States,
5 Cl. Ct. 224 (1984) . . . . . . . . . . 10

Bray v. United States,
48 Fed. Cl. 781 (2001) . . . . . . . . . . 3

Broussard v. Oryx En. Co.,
110 F. Supp. 2d 5321 (E.D. Tex. 2000) . . . . . . . . . . 11

Cervantes v. United States,
330 F.3d 1186 (9th Cir. 2003) . . . . . . . . . . 7

Confidential Informant v. United States,
46 Fed. Cl. 1 (2000) . . . . . . . . . . 6

Dethlefs v. United States,
60 Fed. Cl. 810 (2004) . . . . . . . . . . 2

Fidelity Construction Co. v. United States,
700 F.2d 1379 (Fed. Cir. 1983) . . . . . . . . . . 7

Franklin Savs. Corp. v. United States,
56 Fed. Cl. 720 (2003) . . . . . . . . . . 9

Glass v. United States,
258 F.3d 1349 (Fed. Cir.2001),
modified on other grounds, 273 F.3d 1072 (2001) . . . . . . . . . . 5

Hutchinson v. Lausell,
627 F. Supp. 43 (D. Puerto Rico 1987) . . . . . . . . . . 12

Indium Corp. of Am. v. Semi-Alloys, Inc.,
781 F.2d 879 (Fed. Cir. 1985) . . . . . . . . . . 3

Johns-Manville Corp. v. United States,
893 F.2d 324 (Fed. Cir. 1989) . . . . . . . . . . 11

Kleinhans v. Lisle Savs. Profit Sharing Trust,
810 F.2d 618 (7th Cir. 1987) . . . . . . . . . . 12

McCauley v. United States,
38 Fed. Cl. 250 (1997) . . . . . . . . . . 3

Mitsui Foods, Inc. v. United States,
867 F.2d 1401 (Fed. Cir. 1989) . . . . . . . . . . 11

Paradissiotis v. United States,
49 Fed. Cl. 16 (2001) . . . . . . . . . . 11

Peterson Builders v. United States,
27 Fed. Cl. 443 (1993) . . . . . . . . . . 11

SAB Constr., Inc. v. United States,
66 Fed. Cl. 77 (2005) . . . . . . . . . . 6

Saladino v. United States,
62 Fed. Cl. 782 (2004) . . . . . . . . . . 11

Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc.,
853 F.2d 1139 (4th Cir. 1988) . . . . . . . . . . 12

Sosa v. Alvarez-Machain,
124 S. Ct. 2739 (2004) . . . . . . . . . . 7

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . 8

**RULES**

RCFC 12 . . . . . . . . . . passim

RCFC 56 . . . . . . . . . . 9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADRIAN RODRIGUEZ and<br>ALI JAZMIN RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-370C<br>(Judge Lettow) |

**DEFENDANT'S CONSOLIDATED REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, RESPONSE TO PLAINTIFFS' MOTIONS FOR JOINDER, AND REPLY TO RESPONSE TO MOTION TO STRIKE**

Pursuant to the Court's order dated November 30, 2005, defendant, the United States, replies to plaintiff's opposition to defendant's motion to dismiss or, in the alternative, for summary judgment.[1] Our reply is set forth in our brief below.

Defendant does not object to either individual plaintiff's motion to join in documents submitted by the other.

Finally, as set forth in footnote 1 below, defendant's brief responds to the arguments raised in plaintiffs' opposition, dated November 18, 2005, to our dispositive motion. Accordingly, it appears that the Court has granted plaintiffs' request for leave to file a revised opposition to our dispositive motion, and that our motion to strike is now moot.

---

[1] Defendant understands the Court's reference in its November 30 order to "Plaintiffs' Amended and Supplemental Response to Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment" to be plaintiff's response to our dispositive motion dated November 18, 2005. In response to our motion to strike, plaintiffs' counsel represented that plaintiffs' November 18 filings cured any previous errors and do not change the substance of their previous filings.

## ARGUMENT

## I. THIS COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFFS' CLAIMS

In Part I of our dispositive motion, we established that the Court lacked jurisdiction to entertain plaintiff's claims because they sound in tort and because the person claiming to have suffered damages is not in contractual privity with the Government. Although plaintiff has made a variety of arguments contesting this conclusion, none is compelling.

First, as a threshold matter, plaintiffs assert that "[d]efendant, the United States of America, ("USA") brings the present motion on the grounds that there is no triable issue of material fact as to whether or not plaintiffs can state a cause of action over which the United States Court of Federal Claims has subject matter jurisdiction." Pl.'s Br. at 14. This statement mischaracterizes our position as well as the standard this Court should apply in deciding our motion to dismiss.

We need not demonstrate the absence of any material dispute regarding facts in order to obtain dismissal. It is well-established that, "[w]hen a defendant challenges this Court's jurisdiction, the plaintiff bears the burden of proving that subject-matter jurisdiction is proper." Dethlefs v. United States, 60 Fed. Cl. 810, 811-12 (2004) (citing Schickler, TMD U.S.A., Inc. v. United States, 54 Fed. Cl. 264, 268 (2002)).

Further, if the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Awad v. United States, 61 Fed. Cl. 281, 283 (2004). In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider

evidentiary matters outside the pleadings. Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). The Court should grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Second, beginning on page 14 of their brief plaintiffs attempt to distinguish the case law we have cited demonstrating that the Court lacks jurisdiction over claims that, like plaintiffs', seek damages for noneconomic harm such as loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, and property damages. Plaintiffs' arguments are unpersuasive for two primary reasons. First, regardless of whether plaintiffs' claims are styled as claims for breach of contract, the only damages they have identified allegedly arising from such a "breach" are consequential in nature and therefore not available in this Court. See, e.g., Bray v. United States, 48 Fed. Cl. 781, 783-84 (2001) (no jurisdiction over claims seeking consequential damages).

Moreover, despite asserting that the Government can tortiously breach a contract by engaging in conduct that specifically relates to a contractual obligation, Pl. Br. at 15 (citing Pratt v. United States, 50 Fed. Cl. 469, 480-81 (1998)), plaintiffs have failed to identify any source for what they claim is an "obligation to search the vehicles in a reasonable manner." Indeed, no

portion of the written agreement between the parties imposes any such obligation,[2] and it is well settled that "the existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990). Thus, regardless of how they have styled their claims, plaintiffs have failed to identify a contractual provision that has been breached and have therefore failed to identify a basis for invocation of the Court's Tucker Act jurisdiction.[3]

Finally, beginning on page 16 of their brief, plaintiffs advance the novel argument that the Court has jurisdiction over their claims because they are third-party beneficiaries of the contract between the United States and EG&G Technical Services ("EG&G"), the company with which the Government contracted to conduct auctions of its vehicles. This argument is unpersuasive for at least two reasons. First, it does not speak to the lack of privity between Adrian Rodriguez – the only person claimed in plaintiffs' complaint to have incurred damages as a result of the alleged breach – and the Government. Plaintiffs have not even attempted to explain how Mr. Rodriguez could conceivably be a third beneficiary of a contract between the Government and

---

[2] As we have established in our moving papers, the agreement between the parties expressly disclaimed such an obligation. Def.'s Mot. to Dismiss or for Summ. Judg. at 16.

[3] Nor have plaintiffs identified the violation a money-mandating statute or regulation that would independently confer jurisdiction upon this Court pursuant to the Tucker Act. Although plaintiffs rely extensively upon deposition testimony in an attempt to establish some form of common law duty and claim the existence of a "regulatory duty to conduct a thorough search of seized vehicles before selling the same to plaintiffs," Pl.'s Br. at 17, they have failed to identify the source of such a duty that mandates the payment of money to them for the violation of such a duty.

either Mrs. Rodriguez or EG&G and, as a result, their third-party beneficiary argument is unavailing for this reason alone.

Second, plaintiffs have failed to identify any contractual provision that requires EG&G or any other party to discover all contraband prior to sale, or that even remotely suggests that the parties to this contract intended to benefit either purchasers or the spouses of purchasers of automobiles from the Government. Plaintiffs cannot demonstrate that Mr. or Mrs. Rodriguez was an intended beneficiary of a contract between the United States and EG&G without establishing the breach of a contractual duty reflecting an intention to benefit directly either plaintiff. See Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir.2001), modified on other grounds, 273 F.3d 1072 (2001). Much as they have failed to identify which contractual provision of the sales contract between the United States and Mrs. Rodriguez was breached, plaintiffs have altogether failed to identify any provision of the contract between the United States and EG&G that was breached and that was intended to benefit Mr. or Mrs. Rodriguez. As a result, they have failed to carry their burden of demonstrating that this Court possesses jurisdiction to entertain their claims.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Beginning on page 17 of their brief, plaintiffs assert that the damages that Mr. Rodriguez incurred were foreseeable and therefore recoverable in the Court of Federal Claims. This argument, which appears in plaintiffs' arguments concerning jurisdiction but addresses an argument we made in connection with our motion to dismiss pursuant to RCFC 12(b)(6), misses

the point.[4] As we explained in citing to SAB Constr., Inc. v. United States, 66 Fed. Cl. 77 (2005), a plaintiff contending that damages flowing from a breach are "foreseeable" must establish that the breach "produce the effect inevitably and naturally, not possibly nor even probably." Id. at 88. Undoubtedly, it was possible at the time of sale of the automobile that the husband of the purchaser would take the car to a foreign country where he would be wrongfully imprisoned. However, such an outcome is by no means a "natural" or "inevitable" result of any possible breach that plaintiffs could establish. As in SAB, this outcome was dependent upon a chain of events beyond the control of the United States, including Mr. Rodriguez's decision to take the automobile to a foreign country and the Mexican authorities' decision to detain Mr. Rodriguez despite evidence indicating that any contraband located in his car was not his own. Plaintiffs' claims cannot succeed because they have failed to allege that they suffered injury that is compensable under a breach of contract theory.

As to plaintiffs' related arguments set forth in Part I of their brief – that "[s]imilar cases exist which relate to the issue of foreseeability" – these cases in no way detract from the conclusion stated above. First, no substantive decision or order has been issued in the case of Rivera v. United States, Fed. Cl. No. 05-608C, which is currently pending before this Court, and the mere existence of this case in no way supports plaintiffs' claims. Further, regardless of whether a few other parties have suffered adverse consequences as a result of the discovery of

---

[4] Beyond their arguments concerning foreseeability, plaintiffs have not independently responded to the arguments raised in connection with our motion pursuant to RCFC 12(b)(6). In particular, plaintiffs have not addressed in anything but conclusory fashion our arguments concerning plaintiffs' failure to state a cognizable claim for breach of the implied covenant of good faith and fair dealing. Dismissal of this claim is therefore warranted. See Confidential Informant v. United States, 46 Fed. Cl. 1, 3 n. 8 (2000) (dismissing takings claim where plaintiff failed to respond to defendant's argument in support of its motion to dismiss).

contraband located in vehicles sold at auction, the unique consequences suffered in each of those cases do not demonstrate that the damages Mr. Rodriguez claims to have suffered was the "natural" or "inevitable" result of the breach identified.

Finally, we note that many of the arguments plaintiffs advance in Part I of their brief relate to cases decided under the Federal Tort Claims Act, namely Cervantes v. United States, 330 F.3d 1186 (9th Cir. 2003), and Sosa v. Alvarez-Machain, 542 U.S. 692 (2004).[5] These arguments appear to proceed upon the assumption that there is a remedy for every harm that is ultimately traceable, whether directly or indirectly, to the Government, and that a claim for breach of contract must lie if, for whatever reason, the United States is not liable in tort for its conduct. This assumption is unwarranted.

As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983). In this case, the United States District Court for the Southern District of California has (properly) determined that it lacks jurisdiction to consider plaintiffs' claims under the Federal Tort Claims Act. Such a holding is consistent with Congress's decision, as manifested in the various exceptions to tort claim liability that it has carved out, to waive the sovereign immunity of the United States in only certain

[5] In Sosa, the Supreme Court held the Federal Tort Claims Act did not waive the Government's sovereign immunity with respect to a claim based upon a false arrest that took place in Mexico. 542 U.S. at 700. Beyond clarifying the scope of 28 U.S.C. § 2680(k), a statutory limitation on the Government's waiver of sovereign immunity in tort cases for claims "arising in a foreign country," Sosa has no bearing upon this case or the foreseeability of any damages claimed by plaintiffs.

classes of cases. Construing plaintiffs' claims to sound in contract would expand the scope of the Tucker Act, disturb Congress's judgment as to the proper scope of the waiver of sovereign immunity in tort cases, and contravene the Supreme Court's admonition that waivers of sovereign immunity by the United States, and hence its consent to be sued, must be expressed unequivocally and cannot be implied. United States v. Testan, 424 U.S. 392, 399 (1976).

## III. THERE IS NO DISPUTE THAT THE VEHICLE WAS PURCHASED ON AN "AS IS, WHERE IS" BASIS

Plaintiffs have raised a series of arguments challenging our assertion that, even if the Court possesses jurisdiction to entertain plaintiffs' claims and plaintiffs have stated a claim upon which relief can be granted, the "as is, where is" nature of the sale bars them from recovering. None of plaintiffs' arguments is compelling.

First, on page 19 of their brief plaintiffs assert that the source of the "as is, where is" nature of the sale was a "one-page, unsigned "Notice to Potential Bidder" about which they were not aware at the time of sale. This argument rests upon a misapprehension of the basis for our motion and is belied by the terms of the agreement between the parties. Mrs. Rodriguez executed (and does not deny that she executed) a "bidder registration form" dated March 5, 2003, in which she "agreed to comply with the terms of sale contained in the sale catalog." Def. App. 50; Pls.' Resp. to Def.'s Prop. Findings of Uncontr. Fact Nos. 4-5. Regardless of whether Mrs. Rodriguez read them, the terms of sale contained in the sale catalog stated:

> **WARRANTY/GUARANTEE:** All merchandise is sold on an "AS IS, WHERE IS" basis, without warranty or guarantee as to condition, fitness to use, or merchantability stated, implied or otherwise. Please bid from your own personal observations.

Def. App. 51; see also Def. App. 45. Further, as a successful bidder Mrs. Rodriguez was presented (and has not denied that she was presented) with an invoice that bore her name, that set forth the "as is, where is" nature of sale as quoted above, and that she was required to present prior to taking possession of the vehicle that she purchased. Def. App. 46, 61.[6] There can therefore be no dispute that the "as is, where is" clause quoted above became part of the agreement between the parties.

Second, plaintiffs assert on page 19 of their brief that "the mere existence of a risk of loss disclaimed does not excuse the Government from the implied obligation to act in good faith and to deal with purchasers fairly." This argument is of no moment for, as we explained in our moving papers, plaintiffs have failed even to allege, let alone provide proof of, "the [G]overnment's specific intent to injure or actual malice on the part of the [G]overnment toward the plaintiff[s]." Franklin Savs. Corp. v. United States, 56 Fed. Cl. 720, 746 (2003) (citations and internal quotation marks omitted).

Plaintiffs' next contention on page 19 – that the Government made an "affirmation of fact that would lead the reasonable purchaser to believe that the vehicles had been adequately searched prior to sale," fails for the same reason. Plaintiffs have failed to identify any such affirmation in their complaint or in their opposition to our motion, and the contract between the parties contains none. Further, and as explained above, "the existence of an express contract precludes the existence of an implied contract dealing with the same subject, unless the implied

---

[6] Plaintiffs' response to our proposed findings of uncontroverted fact does not contain a response to proposed findings number 8 or 9, which pertain to the invoice Mrs. Rodriguez received at the auction. Because plaintiffs failed to indicate any disagreement with these facts, the Court can presume they are undisputed. See RCFC 56(h)(2) (requiring opposing party to note any disagreements).

contract is entirely unrelated to the express contract." Atlas Corp. v. United States, 895 F.2d 745, 754-55 (Fed. Cir. 1990). Plaintiffs simply cannot establish any affirmation of fact that could conceivably create a warranty, particularly where, as here, the express terms of the contract expressly disclaim the existence of an express or implied warranty.

Plaintiffs' fourth set of contentions concern the terms of the disclaimer. Specifically, plaintiffs assert on page 20 of their brief that the sale was not actually made upon an "as is, where is" basis because the United States searched the vehicles prior to sale, and that the only warrantees disclaimed pertain to the "mechanical condition of the vehicles and issues relating to title." Neither contention has any merit. First, the mere fact that the United States or its agents may have searched the vehicle prior to sale or had a policy of doing so does not mean that the sale is not made upon an "as is, where is" basis. It simply means that the purchaser took the vehicle as it was and where it was at the time of sale, after the completion of whatever search was performed. Second, plaintiffs have failed to explain how a disclaimer that specifically states that the sale is being made upon an "as is, where is" basis, that expressly disclaims any warranty as to "condition," and that specifically encourages bidders to "bid from [their] own personal observations" would not encompass the warranty that plaintiffs seek to import into the contract. It is settled law that an "as is, where is" clause imposes a strict rule of caveat emptor, see, e.g., Barstow v. United States, 5 Cl. Ct. 224, 226 (1984), and plaintiffs have offered no support for their apparent contention that the Government must take extraordinary measures to negate and disavow liability for all conceivable circumstances at the time of contracting. Such a contention, if accepted, would not only contravene the express terms of the contract but would render it

economically impracticable for the Government to conduct sales of surplus equipment to the public.

## IV. THE COURT SHOULD NOT PERMIT PLAINTIFFS TO AMEND THEIR COMPLAINT BECAUSE ANY ATTEMPT TO DO SO WOULD BE FUTILE

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." RCFC 12(h)(3); see also Johns-Manville Corp. v. United States, 893 F.2d 324, 326-27 (Fed. Cir. 1989) ("If there were no jurisdiction, there was no power to do anything but to strike the case from the docket . . . ."); Schliff v. United States, 24 Cl. Ct. 249, 254 (1991) ("it is an age-old rule that dismissal is the only permissible action when jurisdiction is lacking"). For this reason, where jurisdiction is lacking, a plaintiff is not entitled, as a matter of right, to amend its complaint. Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989); Saladino v. United States, 62 Fed. Cl. 782, 794-95 (2004); cf. Paradissiotis v. United States, 49 Fed. Cl. 16, 24 (2001) (granting defendant's motion to dismiss and denying plaintiff's motion for leave to amend its complaint because "[p]laintiff simply cannot change the dispositive facts of his case"); Peterson Builders v. United States, 27 Fed. Cl. 443, 445 (1993) (denying plaintiff's motion to amend its complaint because plaintiff's claim "is not properly before this court"). Similarly, "[a] party should not without adequate grounds, be permitted to avoid summary judgment [or a dismissal] by the expedient of amending its complaint." Broussard v. Oryx En. Co., 110 F. Supp. 2d 532, 541 (E.D. Tex. 2000); see also Amcast Indus. Corp. v. Detrex Corp., 132 F.R.D. 213, 220 (N.D. Ind. 1990) (denying relief where "the situation highlighted here is precisely what the court's scheduling order was designed to avoid–-a motion for summary judgment followed by a motion

for leave to amend"); Sandcrest Outpatient Servs., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming summary judgment where "the proposed amendment appears to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion"); Kleinhans v. Lisle Savs. Profit Sharing Trust, 810 F.2d 618, 626 (7th Cir. 1987) (affirming summary judgment where plaintiff's motion for leave to amend "represents an apparent attempt to avoid the effect of summary judgment") (internal quotation omitted); Hutchinson v. Lausell, 627 F. Supp. 43, 46 (D. Puerto Rico 1987) (dismissing suit where "the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on the motions to dismiss").

In this case, permitting plaintiffs to amend their complaint would be futile. Plaintiffs identify no newly discovered evidence or factual allegations that could change the outcome of this case even if the Court granted them leave to amend their complaint. Rather, the record before the Court conclusively demonstrates that plaintiffs have failed to articulate a ground for recovery over which this Court has jurisdiction and that, even if they had, they would not be entitled to any relief from this Court. As a result, plaintiffs' request for leave to amend their complaint should be denied.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion to dismiss the complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted or, in the alternative, grant our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHYRN A. BLEECKER
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118
Attorneys for Defendant

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

December 14, 2005