IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADRIAN RODRIGUEZ and<br>ALI JAZMIN RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-370C<br>(Judge Lettow) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to the Court's order dated November 30, 2005, defendant, the United States, submits the following response to plaintiffs' proposed findings of uncontroverted fact contained in their November 18, 2005 response to defendant's proposed findings of uncontroverted fact.[1]

8. Ali Jazmin Rodriguez and Adrian Rodriguez (husband and wife) purchased a Volkswagen Passat at an auction conducted by EG&G for the Department of Homeland Security of the United States of America.

**Response:** Disagrees. As set forth in our proposed findings of fact nos. 1-2, which plaintiffs do not dispute, Ali Jazmin Rodriguez was the only purchaser of the vehicle. Further, the auction was conducted upon behalf of the United States by McCormack Auction Company, in conjunction with EG&G Technical Services.

9. On July 17, 2003, Adrian Rodriguz took the vehicle to a mechanic in Tijuana because it was making an unusual sound. The vehicle was found to have 33 pounds of marijuana

[1] Plaintiffs' first proposed finding is designated as no. 8. The first seven paragraphs of plaintiffs' responses to our proposed findings of fact respond to some, but not all, of our proposed findings.

in a box on the underside of the body. Upon discovery of the marijuana, Adrian Rodriguez asked the mechanic to call the police. The Tijuana police arrived and Adrian Rodiguez was arrested. Adrian Rodriguez was in Federal Prison in Mexico from and after July 17, 2003 until August 15, 2003 when he was released.

**Response:** Defendant has not conducted discovery in this action and denies having knowledge sufficient to form a belief as to the truth of the assertions contained in this proposed finding of fact.

10. Seller USA is required under its policies and procedures to search any automobile when there is probable cause to suspect narcotics to be hidden within the vehicle. The USA's search of the automobile was "significantly substandard and incomplete."

**Response**: Defendant cannot formulate a response to this proposed finding because it purports to state legal conclusions and because it is not clear to which policies and procedures plaintiffs are referring. To the extent this proposed finding contains an assertion of fact, defendant has not conducted discovery in this action and denies having knowledge sufficient to form a belief as to the truth of the assertions contained in this proposed finding of fact. Further, defendant objects to the reliance upon the declaration of plaintiffs' attorney and an expert report prepared in another action.

11. Plaintiffs believed, at the time of the sale, that the vehicle was the product of a seizure at the border. Plaintiffs believed, at the time of the sale, that the fact that the vehicle had been seized by USA Customs, that USA Customs had searched the vehicle as part of the seizure and before releasing the vehicle for sale to them. Plaintiffs were unaware that the search of the vehicle had been limited to increase the resale value of the same and would not have entered into

the transaction with the USA if they had known of the limitations to the seizure search for the purpose of increasing USA's profit in the subsequent commercial transaction.

**Response:** Defendant has not conducted discovery in this action, and denies having knowledge sufficient to form a belief as to the truth of the assertions contained in this proposed finding of fact. Defendant specifically disagrees with any implication that Government personnel curtailed any inspection in this case or altered inspection policies in order to obtain a "profit," or that plaintiffs have identified any evidence that supports this contention.

12. There is another similar case pending in this court in front of the Honorable Judge Hewitt. The complaint in Rivera, Calderon v. USA (United States Court of Federal Claims Number 05-608C] which alleges as follows:

**Response:** Defendant agrees that Rivera v. United States, No. 05-608C, is currently pending in this Court before Judge Hewitt, and otherwise denies this proposed finding on the ground that it purports to state a legal conclusion.

With respect to plaintiffs' proposed findings nos. 13-21, these proposed findings are identical to the proposed findings nos. 8-16 submitted by plaintiffs in response to te Government's motion for summary judgment in Rivera v. United States, No. 05-608C, and pertain exclusively to that case. Because these proposed findings are of no relevance to this case and relate to litigation that is currently pending before this Court, we object to their inclusion in plaintiffs' proposed findings of uncontroverted fact in this case and disclaim any obligation to respond to them. Notwithstanding and without waiver of this objection, we attach as an exhibit to this response and incorporate by reference the Government's responses to plaintiff's proposed findings of fact filed with the Court in Rivera v. United States on December 2, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHYRN A. BLEECKER
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118
Attorneys for Defendant

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

December 14, 2005