IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ADRIAN RODRIGUEZ and<br>ALI JAZMIN RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-370C<br>(Judge Lettow) |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF**
**ALI JAZMIN RODRIGUEZ'S FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss plaintiff Ali Jazmin Rodriguez's first amended complaint for lack of subject matter jurisdiction to the extent it seeks damages beyond the loss in value of the vehicle she purchased. In support of this motion, we rely upon the pleadings and the following brief.

**DEFENDANT'S BRIEF**

**ISSUE PRESENTED**

Whether this Court possesses jurisdiction to entertain that portion of a claim for damages arising out of the sale of an automobile that seeks recovery based upon non-contractual theories.

**STATEMENT OF THE CASE**

**I. Nature Of The Case**

Ali Jazmin Rodriguez purports to bring this action pursuant to the Little Tucker Act, 28 U.S.C. § 1346,[1] seeking damages arising from the purchase of an automobile at an auction

[1] The Court of Federal Claims's Tucker Act jurisdiction arises under 28 U.S.C. § 1491, not 28 U.S.C. § 1346.

conducted upon behalf of the United States. Following the purchase, Ms. Rodriguez's husband took the vehicle to Mexico, where he was imprisoned following the discovery by authorities of marijuana in a hidden compartment. Ms. Rodriguez asserts that the United States breached the contract of sale, certain warranties that attached to the sale, and the implied covenant of good faith and fair dealing.

## II. Statement Of Facts[2]

On March 5, 2003, Ms. Rodriguez purchased for $600 a 1991 Volkswagen Passat at an auction conducted upon behalf of the United States. Am. Compl. ¶¶ 6-14. The vehicle had been seized by the United States Customs Service at the border with Mexico after customs inspectors discovered that marijuana was concealed in the rear bumper and dashboard. Id. ¶¶ 8-12.

On or about July 15, 2003, Ms. Rodriguez's husband, Adrian Rodriguez, took the vehicle to a mechanic in Tijuana, Mexico. Id. ¶ 15. The mechanic found 33 pounds of marijuana in a box on the underside of the car's body and contacted authorities. Id. ¶ 16. The Mexican police seized the car and arrested Mr. Rodriguez, who was imprisoned in Mexico until August 14, 2003. Id. ¶¶ 17-19.

On April 30, 2004, Mr. and Mrs. Rodriguez filed an action in the United States District Court for the Southern District of California against the United States and the entities that conducted the auction at which the car was purchased. Mr. and Mrs. Rodriguez alleged, among other things, negligence, fraud, negligent misrepresentation, and negligent and intentional

---

[2] For purposes of our motion to dismiss, we accept the factual allegations of the complaint.

infliction of emotional distress. Def. App. 17.[3] Plaintiffs alleged that as a result of defendants' actions, they suffered

> loss of liberty, pain and suffering, wrongful imprisonment, physical injuries, lost wages, loss of future earning capacity, emotional distress, mental anguish, property damages, loss of consortium, loss of love, loss of companionship, loss of sexual relations, and other general and special damages in an amount to be determined at trial.

Def. App. 24-27 (¶¶ 40, 46, 52, 58); see also Def. App. 23 (¶¶ 33-34).

By order dated December 3, 2004, the district court dismissed the Rodriguezes' claims against the Government for lack of subject-matter jurisdiction but granted plaintiffs leave to amend their complaint to assert "contract claim(s) in accordance with the Tucker Act." Def. App. 40. On January 29, 2005, the Rodriguezes and the Government (the only remaining defendant) stipulated to the filing of a second amended complaint asserting breach of contract, breach of implied warranty, and breach of the implied covenant of good faith and fair dealing, which would in turn be "transferred to the United States Court of Federal Claims." Def. App. 41-42. The district court endorsed this stipulation on February 2, 2005. Def. App. 43.

On April 15, 2005, the Rodriguezes filed a complaint in this Court, asserting breach of warranty, breach of contract, and breach of the implied covenant of good faith and fair dealing. For each count, the Rodriguezes asserted that, as a result of the Government's conduct, they suffered

> loss of liberty, pain and suffering, physical injuries, lost wages, loss of future earning capability, emotional distress, mental anguish, property damages, and other general and special damages

---

[3] "Def. App." refers to the appendix filed in support of our motion to dismiss or, in the alternative, for summary judgment, on July 29, 2005.

> in an amount to be determined at trial.

Def. App. 9, 11, 14.

On July 29, 2005, we moved to dismiss plaintiffs' complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment. Among other things, we argued that plaintiffs' claims sought damages based upon tort theories of recovery and were therefore beyond the Court's jurisdiction (or, at a minimum, that the damages sought were unforeseeable and therefore unrecoverable as a matter of law).

By opinion and order dated January 20, 2006, the Court dismissed the claims brought by Adrian Rodriguez. Rodriguez v. United States, -- Fed. Cl. --, slip op. at 9. Further, the Court endorsed our view that it lacks jurisdiction to award damages based upon emotional distress and pain and suffering but held that Ms. Rodriguez's general allegations of "property damage" were sufficient to supply the Court with subject matter jurisdiction. Id. at 10-11. Accordingly, it ordered Ms. Rodriguez to amend her claims to "clarify the damages sought" so as to seek damages "based purely upon contractual remedies, whether based upon expectancy, reliance or restitutionary theories." Id. at 11, 17.

On February 15, 2006, Ms. Rodriguez filed an amended complaint, again asserting breach of warranty, breach of contract, and breach of the implied covenant of good faith and fair dealing. In support of each count, she alleges that she has suffered damages including, but not limited to,

> serious emotional disturbance, injury to reputation, embarrassment, lost wages, loss of future earning capability, property damages including the loss of the value of the vehicle, other incidental costs [such as attorney fees to mitigate losses] and consequential damages.

Am. Comp. ¶¶ 32, 41, 56 (citations omitted). Ms. Rodriguez's amended complaint makes no

further allegations concerning the nature of the damages she claims to have incurred.

## ARGUMENT

## THE COURT LACKS JURISDICTION TO ENTERTAIN PLAINTIFF'S CLAIMS TO THE EXTENT THEY SEEK DAMAGES BEYOND THE VALUE OF THE VEHICLE

### A. Legal Standard Under RCFC 12(b)(1)

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although the factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. McCauley, 38 Fed. Cl. at 262-63; Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

### B. The Court Lacks Jurisdiction To Consider Claims For Damages Grounded In Tort

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id. Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n

construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

The Federal Tort Claims Act confers exclusive jurisdiction upon the United States district courts to entertain tort claims against the United States. 28 U.S.C. 1346(b)(1); see e.g., Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992). As a result, and as the Court of Appeals for the Federal Circuit has explained,:

> the United States Court of Federal Claims lacks – and its predecessor the United States Claims Court lacked – jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases not sounding in tort."

Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993) (citations omitted).

Even though styled as a claim for breach of contract, a claim that seeks consequential damages is grounded in tort and therefore beyond the jurisdiction of the Court. As the United States Court of Claims explained in Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 269 (Ct. Cl. 1981), "Courts do not, in awarding breach damages, follow through the remote indirect consequences of the breach as distinct from those directly in contemplation of the parties." The Kania court further explained that the jurisdictional basis for plaintiff's request for attorneys' fees allegedly incurred as a result of the Government's breach of a contract was "extremely dubious," and that such damages were not recoverable in the Court of Claims. Id.

Employing similar reasoning, this Court has repeatedly dismissed claims seeking damages grounded in tort for lack of jurisdiction. For example, in Pratt v. United States, 50 Fed. Cl. 469 (2001), a purchaser of real property at a tax lien sale sued the United States for breach of

contract, breach of the implied covenant of good faith and fair dealing, tortious breach of contract, and restitution. In considering these claims, the Court held that it "lack[ed] jurisdiction to award plaintiff's prayer for damages for emotional distress and pain and suffering." Id. at 482; see also Betz v. United States, 40 Fed. Cl. 286, 291 (Fed. Cl. 1998) (dismissing for lack of jurisdiction claims seeking non-economic damages for pain, suffering, inconvenience, mental anguish, emotional distress, injury to reputation, and humiliation); Bray v. United States, 48 Fed. Cl. 781, 783-84 (2001) (no jurisdiction over claims seeking consequential damages incurred as a result of allegedly erroneous withholding of pay); Fadem v. United States, 13 Cl. Ct. 328, 335 (1978) ("Traditional tort claims, such as claims for personal injury, are clearly beyond the jurisdiction of the Claims Court."); see also California Fed. Bank v. United States, 395 F.3d 1263, 1267-68 (Fed. Cir. 2005) (to be cognizable as claims for damages for breach of contract, "the causal connection between the breach and the [loss] must be 'definitely established'"); SAB Constr., Inc. v. United States, 66 Fed. Cl. 77, 88 (2005) (damages are not recoverable for breach of contract unless there is "no intervening incident (not caused by the defaulting party) to complicate or confuse the certainty of the result between the cause and the damage; the cause must produce the effect inevitably and naturally, not possibly nor even probably'"); Restatement (Second) of Contracts § 351.

### C. Other Than "Property Damages," The Amended Complaint Does Not Seek Damages That Are Recoverable In This Court

Beyond asserting entitlement to "property damages including the loss of the value of the vehicle," Ms. Rodriguez's amended complaint does not clarify, as the Court ordered, how the damages she seeks are recoverable pursuant to a contract theory. In fact, several of the categories

of damage listed are either redundant of or analogous to the claims for personal injury that, as the Court explained in its order of January 30, 2006, are beyond the Court's jurisdiction. Rodriguez v. United States, -- Fed. Cl. --, slip op. at 10. These include Ms. Rodriguez's claims for "serious emotional disturbance, injury to reputation, embarrassment, lost wages, [and] loss of future earning capability." As we explained in our first dispositive motion, these categories of damages are classic measures of tort liability (in this case, for the tort of wrongful imprisonment), and Ms. Rodriguez has failed to allege, let alone provide a legally sufficient explanation for, how any of these categories of damage would compensate Ms. Rodriguez for injury to her expectancy, reliance, or restitutionary interests arising from her purchase of a vehicle. Am. Comp. ¶¶ 32, 41, 56.

Relying upon Section 347(b) of the Restatement (Second) of Contracts, including comment c and illustration 4, Ms. Rodriguez does assert in her amended complaint that she is entitled to incidental costs, including attorneys fees, and other unspecified consequential damages for the breaches she alleges. Her reliance upon Section 347(b) in support of these requests is misplaced.

Section 347(b) provides:

> Subject to the limitations stated in §§ 350-53, the injured party has a right to damages based on his expectation interest as measured by
>
> (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
> (b) any other loss, including incidental or consequential loss, caused by the breach, less
> (c) any cost or other loss that he has avoided by not having to perform.

Comment c to Section 347 provides:

> Other loss. Subject to the limitations stated in §§ 350-53, the injured party is entitled to recover for all loss actually suffered. Items of loss other than loss in value of the other party's performance are often characterized as incidental or consequential. Incidental losses include costs incurred in a reasonable effort, whether successful or not, to avoid loss, as where a party pays brokerage fees in arranging or attempting to arrange a substitute transaction. See Illustration 3. Consequential losses include such items as injury to person or property resulting from defective performance. See Illustration 4. The terms used to describe the type of loss are not, however, controlling, and the general principle is that all losses, however described, are recoverable.

Finally, illustration 4 provides:

> A leases a machine to B for a year, warranting its suitability for B's purpose. The machine is not suitable for B's purpose and causes $10,000 in damage to B's property and $15,000 in personal injuries. B can recover the $25,000 consequential loss in addition to any other loss suffered. See Uniform Commercial Code § 2-715(2)(b).

These provisions form the general rule that consequential and incidental damages are recoverable for breach of contract. However, they are, by their terms, subject to the proviso of Section 351, which provides that "[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made." It is for this reason that this Court and its predecessor have repeatedly explained that claims for attorneys fees and other forms of incidental and consequential damages that are incurred as a remote consequence of a breach of contract are not within the scope of its jurisdiction. See, e.g,, SAB Constr., Inc. v. United States, 66 Fed. Cl. 77, 88 (2005); Kania v. United States, 227 Ct. Cl. 458, 650 F.2d 264, 269 (Ct. Cl. 1981). Similarly, although Ms. Rodriguez asserts that she incurred attorneys' fees "to mitigate losses," any losses she could possibly have sought to avoid

were not contractual, but, rather, the same types of damages based upon personal injury to her or her husband that this Court lacks jurisdiction to award. Other than the loss of value of the vehicle (which totals no more than $600), none of the categories of damage to which Ms. Rodriguez has referred in her amended complaint seeks compensation for injuries to her contractual interest and, as a result, the Court lacks jurisdiction to award them.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for partial dismissal of that portion of the amended complaint that seeks damages beyond the loss of value of the vehicle at issue.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHYRN A. BLEECKER
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 305-2118
Attorneys for Defendant

Of Counsel:
ERIK J. GANTZEL
Office of Assistant Chief Counsel
U.S. Customs & Border Protection
610 West Ash Street
Suite 1200
San Diego, CA 92101

February 28, 2006