*ELECTRONICALLY FILED ON JANUARY 15, 2007*

No. 05-370C
(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**NOTICE OF MOTION AND MOTION**
**BY ADRIAN RODRIGUEZ TO**
**FILE DOCUMENTS UNDER SEAL IN**
**SUPPORT OF MOTION FOR RECONSIDERATION**
[General Order No. 42A(I)(7)]

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 15, 2007

**To the UNITED STATES OF AMERICAN and attorney of record:**

*PLEASE TAKE NOTICE* that ADRIAN RODRIGUEZ hereby moves the Court for an order, pursuant to General Order 42A(I)(7), to file under seal a motion for reconsideration under Rule of the Court of Federal Claims 60(b)(2)(new evidence) and (6)(equity) of the dismissal of the claim of Adrian Rodriguez from this action.

This motion is on the grounds that the motion for reconsideration relies upon deposition testimony taken October 27, 2006 pursuant to a protective order.

This motion is based upon this notice, the points and authorities and the declaration of Teresa Trucchi filed concurrently herewith.

DATED: January 15, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

*ELECTRONICALLY FILED ON JANUARY 15, 2007*

No. 05-370C
(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY ADRIAN RODRIGUEZ TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF MOTION FOR RECONSIDERATION**
[General Order No. 42A(I)(7)]

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 15, 2007

## INTRODUCTION

The present action arises out of the purchase of an automobile at a U.S. Customs Service seizure auction by plaintiff ALI JAZMIN RODRIGUEZ.

Her husband, ADRIAN RODRIGUEZ, was thereafter imprisoned in Mexico as a result of the discovery of marijuana in the vehicle by Mexican authorities in Tijuana, Mexico. Plaintiffs contend that the marijuana was in the vehicle prior to the purchase but not removed by the U.S. Customs Service due to a failure to conduct an adequate search of the vehicle.

## REQUEST TO FILE MOTION FOR RECONSIDERATION UNDER SEAL

The Court previously dismissed the claim of Adrian Rodriguez in a published decision dated January 30, 2006. In a similar case pending in the United States Court of Federal Claims [Case number 05-608], the Honorable Emily Hewitt dismissed a claim by Alfonso Calderon Leon in a published decision dated March 28, 2006 based upon a similar rationale.

This motion seeks to file, under seal, a motion for reconsideration of the dismissal of the claim of Adrian Rodriguez under Rule of the Court of Federal Claims 60(b)(2)(new evidence) and (6)(equity). Rule of the Court of Federal Claims number 60(b) subsections (2) and (6) state:

> "On motion and upon such terms as are just, the court may relieve a party .... from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovery evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b)" [RCFC 60(b)(2)] " .... any other reason justifying relief from the operation of the judgment." [RCFC 60(b)(6)] RCFC 60(b) continues: "...The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." [RCFC 60(b)]

The claims of Alfonso Calderon and Adrian Rodriguez were dismissed based, in part, upon a finding that the damage (imprisonment) was not foreseeable by the USA and that there

was no evidence of an intent to provide a benefit to these third parties through the contractual arrangement that was created in connection with the sale of the vehicles to Ali Jazmin Rodriguez and Francisco Rivera Agredano. The published opinions in these respective cases stated in the pertinent part as follows:

**Rodriguez v. USA:** "Adrian Rodriguez could maintain a claim against the United States if he was an intended third party beneficiary pursuant to an existing contract between the government and another party. ... To be considered an intended third party beneficiary a contract must reflect the express or implied intention of the parties to benefit the third party ... The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby ... To determine whether Adrian Rodriguez is a third-party beneficiary, the court must consider whether he would have been reasonable in relying on the promise as manifesting an intention to confer a right on him .... (I)n the present case the context of the vehicle sales contract provides no indication that the government intended directly to benefit any third party. Consequently, Adrian Rodriguez is not an intended third party beneficiary of the contract between the United States and Mrs. Rodriguez." [*Opinion and Order, page 7-8*]

**Rivera v. USA:** "The question is whether the contract for sale can be construed as intending to confer a right on Calderon as a passenger of the vehicle. The Court believes that the question whether a passenger in a vehicle should be considered a third party beneficiary is a close one. ... In the case of a sale of an automobile, however, the court cannot say that the main purpose of the sale is to protect or benefit future passengers." *[Case Number 608; Opinion at pages 17-20]*

After these published rulings were issued, depositions were conducted of the USA agents who were involved in the making of the policy related to these seizure sales. Contrary to the position taken by the USA in the motion for summary judgment, this testimony confirmed that the pre-auction searches were for the benefit of individuals occupying the vehicle after the sale and also that the risk of imprisonment was contemplated as a damage that would occur if the searches were not adequately performed.

Adrian Rodriguez seeks to file a motion for reconsideration based upon this deposition testimony. The depositions were taken of Assistant Commissioner Jayson Ahern, Chief Robert Hood, Supervisor Aide Nunez and Officer Joseph Mariloa of the Department of Homeland

Security. The depositions were taken recently (October 27, 2006) and were governed by the terms of a stipulated protective order that the plaintiff and the defendant USA entered into when this matter was still pending in the United States District Court in Southern California.

Adrian Rodriguez intends to rely upon the October 27, 2006 deposition testimony as the basis for his motion for reconsideration. Plaintiff's counsel is of the opinion that the deposition testimony should not be subject to a protective order as the new material relates to the commercial transaction (and not sensitive issues related to the search techniques used by the USA) and any facts contained in the recent depositions that relate to the nature and scoop of the search conducted by the USA agents has already been disclosed publically in previous motions filed by both parties, prior rulings in these cases and through the published opinions in this case and the case of Francisco Rivera Agredano v. USA (05CV608)

In an abundance of caution, prior to filing the motion for reconsideration, plaintiff's counsel contacted the attorney for the USA, Devin Wolak, regarding the protective order. Plaintiff's counsel sent to Mr. Wolak an excerpt from the motion for reconsideration that contained verbatim recitations of the deposition testimony that plaintiff intended to include in the points and authorities for reconsideration. Plaintiff's counsel requested that Mr. Wolak communicate any objection that he may have to filing the motion with the deposition testimony without a seal. When making this request, plaintiff's counsel pointed out that the deposition testimony related to the commercial transaction or facts already disclosed.

Mr Wolak responded promptly, in writing and with a telephone call. During the telephone call, plaintiff's counsel was advised that Mr. Wolak did not have time to review the excerpts to

determine if they were objectionable and therefore, plaintiff's counsel should take the steps necessary to file the motion for reconsideration under seal.

General Order No. 42A(I)(7) requires that the Court grant leave before documents which should be filed under seal are filed electronically. The motion for reconsideration is ready to be filed, whether pursuant to a seal or otherwise. Plaintiff seeks leave to file the motion for reconsideration under seal to avoid a claim that the document violates the protective order. Therefore, this motion is made to comply with defense counsel's objection to filing the motion without a seal and the requirements of General Order No. 42A(I)(7).

**CONCLUSION**

For the reasons stated above, ADRIAN RODRIGUEZ requests leave to file under seal a motion for reconsideration [under Rule of the Court of Federal Claims 60(b)(2)(new evidence) and (6)(equity)] of the January 30, 2006 Published Opinion dismissing the claim of Adrian Rodriguez.

DATED: January 15, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

No. 05-370C

(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and

ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**DECLARATION OF TERESA TRUCCHI IN SUPPORT OF MOTION BY ADRIAN RODRIGUEZ TO FILE DOCUMENTS UNDER SEAL**

[General Order No. 42A(I)(7)]

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658
Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 15, 2007

**I, TERESA TRUCCHI HEREBY DECLARE AS FOLLOWS:**

1. I am the attorney for the plaintiff in the above entitled matter.

2. The present action arises out of the purchase of an automobile at a U.S. Customs Service seizure auction by plaintiff ALI JAZMIN RODRIGUEZ. Her husband, ADRIAN RODRIGUEZ, was thereafter imprisoned in Mexico as a result of the discovery of marijuana in the vehicle by Mexican authorities in Tijuana, Mexico. Plaintiffs contend that the marijuana was in the vehicle prior to the purchase but not removed by the U.S. Customs Service due to a failure to conduct an adequate search of the vehicle.

3. The Court previously dismissed the claim of Adrian Rodriguez in a published decision dated January 30, 2006. In a similar case pending in the United States Court of Federal Claims [Case number 05-608], the Honorable Emily Hewitt dismissed a claim by Alfonso Calderon Leon in a published decision dated March 28, 2006 based upon a similar rationale.

4. This motion seeks to file, under seal, a motion for reconsideration of the dismissal of the claim of Adrian Rodriguez under Rule of the Court of Federal Claims 60(b)(2)(new evidence) and (6)(equity). The claims of Alfonso Calderon and Adrian Rodriguez were dismissed based, in part, upon a finding that the damage (imprisonment) was not foreseeable by the USA and that there was no evidence of an intent to provide a benefit to these third parties through the contractual arrangement that was created in connection with the sale of the vehicles to Ali Jazmin Rodriguez and Francisco Rivera Agredano. The published opinions in these respective cases stated in the pertinent part as follows:

Rodriguez v. USA: "Adrian Rodriguez could maintain a claim against the United States if he was an intended third party beneficiary pursuant to an existing contract between the government and another party. ... To be considered an intended third party beneficiary a contract must reflect the express or implied intention of the parties to benefit the third party ... The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby ... To determine whether Adrian Rodriguez is a third-party beneficiary, the court must consider whether he would have been reasonable in relying on the promise as manifesting an intention to confer a right on him .... (I)n the present case the context of the vehicle sales contract provides no indication that the government intended directly to benefit any third party. Consequently, Adrian Rodriguez is not an intended third party beneficiary of the contract between the United States and Mrs. Rodriguez." [Opinion and Order, page 7-8]

Rivera v. USA: "The question is whether the contract for sale can be construed as intending to confer a right on Calderon as a passenger of the vehicle. The Court believes that the question whether a passenger in a vehicle should be considered a third party beneficiary is a close one. ... In the case of a sale of an automobile, however, the court cannot say that the main purpose of the sale is to protect or benefit future passengers." [Case Number 608; Opinion at pages 17-20]

5. After these published rulings were issued, depositions were conducted of the USA agents who were involved in the making of the policy related to these seizure sales. Contrary to the position taken by the USA in the motion for summary judgment, this testimony confirmed that the pre-auction searches were for the benefit of individuals occupying the vehicle after the sale and also that the risk of imprisonment was contemplated as a damage that would occur if the searches were not adequately performed.

6. Adrian Rodriguez seeks to file a motion for reconsideration based upon this deposition testimony. The depositions were taken of Assistant Commissioner Jayson Ahern, Chief Robert Hood, Supervisor Aide Nunez and Officer Joseph Mariloa of the Department of Homeland Security. The depositions were taken recently (October 27, 2006) and were governed by the terms of the protective order that the plaintiff and the defendant USA entered into when this matter was still pending in the United States District Court in Southern California.

7. Adrian Rodriguez intends to rely upon the October 27, 2006 deposition testimony as the basis for his motion for reconsideration. I am of the opinion that the deposition testimony should not be subject to a protective order as the new material relates to the commercial transaction (and not sensitive issues related to the initial search) and any facts contained in the recent depositions that relate to the nature and scoop of the search conducted by the USA agents has already been disclosed publically in previous motions filed by both parties, prior rulings in these cases and through the published opinions in this case and the case of Francisco Rivera Agredano v. USA (05CV608)

8. In an abundance of caution, prior to filing the motion for reconsideration, I contacted the attorney for the USA, Devin Wolak, regarding the protective order. I sent to Mr. Wolak an excerpt from the motion for reconsideration that contained verbatim recitations of the deposition testimony that plaintiff intended to include in the points and authorities for reconsideration. I requested that Mr. Wolak communicate any objection that he may have to filing the motion with the deposition testimony without a seal. When making this request, I pointed out that the deposition testimony related to the commercial transaction or facts already disclosed.

9. Mr Wolak responded promptly, in writing and with a telephone call. During the telephone call, I was advised that Mr. Wolak did not have time to review the excerpts to determine if they were objectionable and therefore, I should take the steps necessary to file the motion for reconsideration under seal. This motion was thereafter filed.

/////

/////

/////

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge. This declaration was signed in San Diego, California on January 15, 2007

.

DATED: January 15, 2007

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on January 15, 2007 and served on opposing counsel electronically.

DATED: January 15, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658