*ELECTRONICALLY FILED ON JANUARY 29, 2007*

No. 05-370C
(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**DECLARATION OF TERESA TRUCCHI REGARDING REDACTIONS IN PLAINTIFF ALFONSO CALDERON LEON'S MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM**
**[RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity)]**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 29, 2007

I, TERESA TRUCCHI, hereby declare as follows:

1. I am the attorney for the plaintiffs in the above entitled matter.

2. I am filing this motion in a redacted form in order to comply with both the requirements of RCFC 60(b), General Order 42A(I)(7) and the protective order entered in this case while the matter was still pending in the Southern District of California.

3. Under RCFC 60(b), this motion must be filed within one year of the date that the January 30, 2006 order dismissing the case was filed. Under the protective order, the deposition transcripts which support the request for reconsideration [filed pursuant to RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity)] must be filed under seal. According to General Order 42A(I)(7), a party must obtain leave of court before filing a document under seal.

4. Therefore, to comply with these various orders and rules of court, I have filed a redacted version of the motion. I request leave to file a full motion with the deposition transcript excerpts included after the court has ruled on the plaintiff's pending motion for leave to file a motion for reconsideration under seal.

5. The defendant USA has knowledge of the content of the depositions and the specific testimony relied upon in this motion as excerpts were provided to counsel for the defendant USA and the transcripts were filed in connection with the sealed motion for reconsideration filed by ALFONSO CALDERON LEON in case number 05CV608 (pending in front of the Honorable Emily Hewitt) on or about January 26, 2007.

I declare under penalty of perjury under the laws of the United States of America that this declaration is true and correct to the best of my personal knowledge and/or information and belief.

DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

*ELECTRONICALLY FILED ON JANUARY 29, 2007*

No. 05-370C

(Judge Lettow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

**NOTICE OF MOTION AND MOTION BY ADRIAN RODRIGUEZ IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM [RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity)]**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 29, 2007

PLEASE TAKE NOTICE that ADRIAN RODRIGUEZ hereby moves the Court to grant his **MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM [RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity)]**

This motion is based upon Rules of the Court of Federal Claims numbers 60(b)(2)(new evidence) and 60(b)(6) (equity). The new evidence is deposition testimony obtained from agents for the defendant USA on October 27, 2006 and January 23, 2007 which provides a factual basis to conclude that the damages sustained by ADRIAN RODRIGUEZ were specifically foreseeable by the USA and that ADRIAN RODRIGUEZ, as an occupant of the vehicle at issue in this case, was in the class of intended beneficiaries of a pre-auction "reinspection" search that was an implied contractual obligation existing in the sales contract between the USA and plaintiff ALI JAZMIN RODRIGUEZ

This motion is based upon this notice, the points and authorities, deposition testimony and declaration of Teresa Trucchi filed concurrently herewith. This motion is also based upon the deposition testimony of Lawrence Fanning, taken January 23, 2007, which shall be lodged as soon as the transcript has been completed.

DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

*ELECTRONICALLY FILED ON JANUARY 29, 2007*

No. 05-370C

(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**POINTS AND AUTHORITIES BY ADRIAN RODRIGUEZ IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM [RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity)]**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 29, 2007

**TABLE OF CONTENTS**


| | Page Number |
|---|---|
| INTRODUCTION | 1 |
| REQUEST FOR RECONSIDERATION AND REINSTATEMENT OF THIRD PARTY BENEFICIARY CLAIM OF ALFONSO CALDERON LEON | 2 |
| NEW EVIDENCE CONTRADICTS PRIOR CONTENTIONS BY USA | 3 |
| ISSUE PRESENTED | 10 |
| STATEMENT OF THE CASE | 11 |
| STATEMENT OF FACTS | 11 |
| ARGUMENT | 15 |
| 1. Foreseeability | 16 |
| 2. Intended Beneficiary | 17 |
| CONCLUSION | 19 |

# TABLE OF AUTHORITIES


| | Page Number |
|---|---|
| Klamath Irrigation v. USA 67 Fed. Ct. 504 at 533 | 17 |
| Luciano de la Hoya v. Slim's Gun Shop (1978) 80 Cal.App.3d Supp. 6 | 16, 17 |
| Montana v. USA 124 F.3d 1269, 1273 (1997) | 17 |
| Sosa v. Alvarez-Machain 124 S.Ct. 2739 (2004) | 11 |
| Sullivan v. USA 54 Fed.Cl. 214 (2002) | 17, 18 |
| Weaver v. Bank of America (1963) 59 Cal2d 428 | 16 |
| Rule of the Court of Federal Claims 60(b)(2) | 2, 3 |
| Rule of the Court of Federal Claims 60(b)(6) | 2, 3 |

# INTRODUCTION

The present action arises out of the purchase of an automobile at a U.S. Customs Service seizure auction by plaintiff ALI JAZMIN RODRIGUEZ. Her husband, ADRIAN RODRIGUEZ, was thereafter imprisoned in Mexico as a result of the discovery of marijuana in the vehicle by Mexican authorities in Tijuana, Mexico. Plaintiffs contend that the marijuana was in the vehicle prior to the purchase but not removed by the U.S. Customs Service due to a failure to conduct an adequate search of the vehicle despite an implied contractual obligation to do so.

Plaintiffs contend that new evidence obtained recently (on 10-27-06 and 1-23-07) provides a factual foundation to find that USA conducted "reinspection" searches at the auction lot prior to the seizure sales for the specific purpose of ensuring that the vehicle did not still contain drugs at the time of the sale. The USA specifically foresaw that the failure to conduct this search in an adequate fashion could expose any future occupant (not just the purchaser) to imprisonment, possibly in Mexico. The pre-auction "reinspection" searches were for the specific purpose of protecting any future occupants of the vehicles from the possibility of a wrongful arrest. This evidence was provided by Lawrence Fanning, a policy maker, at his deposition on January 23, 2007. Therefore, as the pre-auction "reinspection" search was specifically for the benefit of any future occupant of the vehicle and it was conducted specifically to avoid the risk of imprisonment for that class of individuals, the third party claim of Adrian Rodriguez should be reinstated..

Also, the documentary evidence provided by the USA on 1-23-07 reveals that the USA was specifically aware, on January 31, 2002, of the imprisonment of Francisco Rivera Agredano and Alfonso Calderon Leon in Mexico as a result of narcotics left in a vehicle purchased at an USA seizure auction [see; Exhibit 6 to the Plaintiffs' appendix to be filed after the Court rules on the

pending motion to file under seal]. This shows that the USA not only foresaw but had actual knowledge that the damages sustained by Adrian Rodriguez in 2003 (imprisonment in Mexico) was a probable consequence of any breach of the implied contractual duty to conduct an adequate search for narcotics before releasing the vehicles for sale to the general public.

As there is now evidence showing that imprisonment of any subsequent occupant was specifically foreseen (an implied contractual term – i.e., to conduct an adequate pre-auction search – was in effect to specifically avoid this result) it should be found that any future occupants of the vehicles were in the class of intended direct beneficiaries of the "reinspection" searches that occurred at the auction lot. It is also reasonable to find, based upon this new evidence, that Adrian Rodriguez would have been reasonable in relying on the implied contractual obligation of the USA to conduct an adequate search as manifesting an intention to confer a right (i.e., the right against being wrongfully accused and arrested), on himself as an authorized occupant (albeit not the actual purchaser) of the vehicle. Based upon these contentions, this is to respectfully request that the Court reconsider the order to dismiss the case of Adrian Rodriguez.

**REQUEST FOR RECONSIDERATION AND REINSTATEMENT OF THIRD PARTY BENEFICIARY CLAIM OF ADRIAN RODRIGUEZ**

The Court previously dismissed the claim of Adrian Rodriguez in a published decision dated January 30, 2006. In a similar case pending in the United States Court of Federal Claims [Rivera Agredano v. USA; Case number 05-608], the Honorable Emily Hewitt dismissed a claim by Alfonso Calderon Leon in a published decision dated March 28, 2006 based upon a similar rationale. This motion seeks reconsideration of the dismissal of the claim of Adrian Rodriguez under Rule of the Court of Federal Claims 60(b)(2)(new evidence) and (6)(equity).

Rule of the Court of Federal Claims number 60(b) subsections (2) and (6) state as follows:

"On motion and upon such terms as are just, the court may relieve a party .... from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovery evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b)" [RCFC 60(b)(2)] " .... any other reason justifying relief from the operation of the judgment." [RCFC 60(b)(6)]

RCFC 60(b) continues: "...The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." [RCFC 60(b)]

This motion was filed after new evidence was obtained at depositions on October 27, 2006 and January 23, 2007. These depositions were requested months ago but continued at the request, and to accommodate the needs of, the defendants. The deposition of USA agent James Henderson has been noticed but a date not yet set despite numerous requests therefor. A motion to compel is contemplated, however, due to the time restraints set forth in RCFC60(b), this motion is filed before the additional evidence has been produced by the defendant USA (either due to the voluntary production of the same or pursuant to a motion to compel). [see; Declaration of Teresa Trucchi in support of motion for reconsideration filed concurrently herewith].

**NEW EVIDENCE CONTRADICTS PRIOR CONTENTIONS BY USA**

In the motions for summary judgment previously filed in this case and case number 05-CV-608 (which resulted in the dismissal of the claims of Alfonso Calderon and Adrian Rodriguez as referenced above), the USA contended as:

***Rodriguez v. USA:*** "Plaintiffs allege in their complaint that 'it was foreseeable that the failure to conduct an adequate search and to remove excessive contraband would cause damage to any person who occupied said vehicle in the event and at the time that the hidden marijuana was discovered by any other law enforcement agency.' ... However, the damage that plaintiffs claim was foreseeable is hardly of the type that the parties to the contract could possibly have contemplated. .... The lengthy pretrial imprisonment of an apparently innocent man by authorities in a foreign country is not a direct or natural result of a breach of a contract for the sale of an automobile with the man's wife." [see; page 17 of the DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, WITH APPENDIX filed July 29, 2005 in Case number 05CV370; Rodriguez v. USA]

***Rivera v. USA:*** "(T)hird party beneficiary status is an exceptional privilege and to avail oneself of this exceptional privilege, a party must at least show that the contract was intended for his direct benefit. .... nothing in the title document reflects any intention to benefit Mr. Calderon or any other passenger" [see; page 21 of the DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, WITH APPENDIX filed Spetember 30, 2005 in Case number 05CV608 Rivera Agredano v. USA]

The claims of Alfonso Calderon and Adrian Rodriguez were dismissed based, in part, upon a finding that the damage (imprisonment) was not foreseeable by the USA and that there was no evidence of an intent to provide a benefit to these third parties through the contractual arrangement that was created in connection with the sale of the vehicles to Ali Jazmin Rodriguez and Francisco Rivera Agredano.

The published opinions in these respective cases stated in the pertinent part as follows:

***Rodriguez v. USA:*** "Adrian Rodriguez could maintain a claim against the United States if he was an intended third party beneficiary pursuant to an existing contract between the government and another party. ... To be considered an intended third party beneficiary a contract must reflect the express or implied intention of the parties to benefit the third party ... The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby ... To determine whether Adrian Rodriguez is a third-party beneficiary, the court must consider whether he would have been reasonable in relying on the promise as manifesting an intention to confer a right on him .... (I)n the present case the context of the vehicle sales contract provides no indication that the government intended directly to benefit any third party. Consequently, Adrian Rodriguez is not an intended third party beneficiary of the contract between the United States and Mrs. Rodriguez." [Rodriguez v. USA; Case Number 370; Opinion and Order, page 7-8]

***Rivera v. USA:*** "The question is whether the contract for sale can be construed as intending to confer a right on Calderon as a passenger of the vehicle. The Court believes that the question whether a passenger in a vehicle should be considered a third party beneficiary is a close one. ... In the case of a sale of an automobile, however, the court cannot say that the main purpose of the sale is to protect or benefit future passengers." [Rivera Agredano v. USA; Case Number 608; Opinion at pages 17-20]

After these published rulings were issued, depositions were conducted on October 27, 2006 and January 23, 2007 of some of the USA agents (Assistant Commissioner Jayson Ahern, Chief Robert Hood, Supervisor Aide Nunez and Officer Joseph Mariloa, Assistant Director Lawrence Fanning. Robert Bickers, David Murphy) who were involved in the making and implementation of the USA policy related to these seizure sales. Contrary to the position taken by the USA in the motion for summary judgment, the testimony from October of 2006 and January of 2007 confirmed that the pre-auction searches were, at least in part, for the express benefit of ultimate occupant and also that the risk of imprisonment to **any occupant** of the vehicle (not just the purchaser) was foreseen as a damage that could occur if the searches were not adequately performed prior to the sale.

On January 23, 2007, Lawrence Fanning, the Assistant Director of Field Operations, testified that the pre-auction "reinspection" searches were for the purpose of protecting the purchaser and any other occupant from the risk of imprisonment that could occur should they be in the vehicle at a time that any inadvertently overlooked narcotics were discovered by law enforcement (either in the USA or Mexico). Mr. Fanning testified that the USA was aware that the auctions were attended by many Spanish speaking individuals and that the vehicles purchased at the auction were sometimes taken to Mexico. Mr. Fanning's deposition transcript is not yet available but will be lodged upon receipt. Further testimony on the issues of foreseeability and

intent to benefit all future occupants of the vehicles through the pre-auction "reinspection" searches is as follows:

***Jayson Ahern***

/////
/////
/////
/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

[Deposition of Jayson Ahern, (10-27-06) pg. 11, ll. 19-25; pg. 12, ll 1-25; pg. 13, ll. 1-3]

***Joseph Mariloa***

/////

/////

/////

/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

[Deposition of Joseph Mariloa, (10-27-06) pp 15, ll 2-16]

***Aide Nunez***

/////

/////

/////

/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////

/////

/////

/////

/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

/////

[Deposition of Aide Nunez; (10-27-06) pg. 17, ll. 15-18, pg. 19, ll 15-24; pg. 25, ll 24-25; pg. 26, ll. 1-22(emphasis added)]

***Chief Robert Hood***

/////

/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////

/////
/////
/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////
/////
/////
/////

[Deposition of Robert Hood (10-27-07) pg. 5, ll 4-8; pg. 10, ll 17-25; pg. 11, ll 1-12]

Assistant Commissioner Jayson Ahern also confirmed at his deposition on January 23, 2007 that while the USA foresaw that imprisonment of any occupant of the vehicle was a possible consequence of the failure to adequately search the vehicles, the USA still had no policy to warn the consumer that the vehicles could potentially contain narcotics or to help them if they were arrested as a result of narcotics left in the vehicle at the time of the sale.

*Jayson Ahern*

/////
/////
/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////
/////
/////
/////
/////
/////

/////
/////
/////
/////

REDACTED TO COMPLY
WITH THE PROTECTIVE ORDER
and GENERAL ORDER 42(A)(1).

/////
/////
/////
/////
/////
/////

[Depo. of Jayson Ahern (October 27, 2006) at pp 19, ll 10-25, pg. 20, ll 1-11; pg., 22, ll. 13-18; pg. 23, ll. 10-13]

As set forth above, contrary to the contentions made by the USA in the motions for summary judgment, the USA agents recently deposed (in particular Assistant Director Lawrence Fanning – transcript to be lodged upon receipt) confirmed that not only were the pre-auction searches an implied in fact contractual term of the contract, it was foreseen that the failure to perform that implied contractual duty would cause the exact harm suffered -- imprisonment of any occupant in the vehicle at the time that the narcotics were detected.

**ISSUE PRESENTED**

Does the new evidence result in a finding that Adrian Rodriguez has standing to sue as a third party beneficiary of the contract between Ali Jazmin Rodriguez and the USA?

## STATEMENT OF THE CASE

______A complaint was filed under the Federal Tort Claim Act in the Southern District of California on April 30, 2004. In June of 2004, the United States Supreme Court issued the ruling in Sosa v. Alvarez-Machain 124 S.Ct. 2739 (2004) finding that 28 U.S.C. 2680(k) barred any claim under the FTCA when the injury was suffered in a foreign country. On December 3, 2004, the Honorable John Houston granted defendant USA's motion for summary judgment as to the FTCA cause of action finding that the FTCA cause of action was barred under the decision in Sosa v. Alvarez-Machain 124 S.Ct. 2739 (2004) because ADRIAN RODRIGUEZ was arrested in Mexico. Judge Houston granted plaintiff's request for leave to amend to state causes of action under the Tucker Act. The parties then stipulated to transfer this matter to this court. On January 30, 2006, this Court dismissed the claim of Adrian Rodriguez in a published decision finding that the evidence did not support a finding that he was an intended third party beneficiary of the sales contract between the USA and his wife, Ali Jazmin Rodriguez.

## STATEMENT OF FACTS

As alleged in the operative complaint and in the declarations submitted in connection with the plaintiff's opposition to motion for summary judgment filed November 19, 2005, Ali Jazmin Rodriguez purchased a Volkswagen Passat at an auction conducted by EG&G for the Department of Homeland Security of the UNITED STATES OF AMERICA [Complaint, paragraph 16; see; Declaration of Ali Jazmin Rodriguez, Pl. App. 7 and Declaration of Adrian Rodriguez, Pl. App. 8 filed November 19, 2005]. On July 17, 2003, Adrian Rodriguez took the vehicle to a mechanic in Tijuana because it was making an unusual sound. The vehicle was found to have 33 pounds of marijuana in a box on the underside of the body. Upon discovery of the marijuana, Adrian

Rodriguez asked the mechanic to call the police. The Tijuana police arrived and Adrian Rodriguez was arrested. [Complaint, paragraphs 17-18; see, Declaration of Ali Jazmin Rodriguez, Pl. App. 7 and Declaration of Adrian Rodriguez, Pl. App. 8 filed November 19, 2005] Adrian Rodriguez was in Federal Prison in Mexico from and after July 17, 2003 until August 15, 2003 when he was released. [Complaint, paragraphs 17-22; see, Declaration of Ali Jazmin Rodriguez, Pl. App. 7 and Declaration of Adrian Rodriguez, Pl. App. 8 filed November 19, 2005]

Plaintiffs contend that the area wherein the Mexican officials discovered the marijuana in July of 2003 had not been properly searched by the USA despite a duty to do so. Plaintiffs contend that if the vehicle had been properly searched, the marijuana (in excess of 33 pounds) would have been detected. The plaintiffs contend that the failure to conduct a thorough search of the vehicle prior to sale was the result of an USA policy to curtail searches in order to avoid causing damage to seized vehicles during customs' inspections. The plaintiffs contend that the goal of curtailing the searches was to maximize the resale value of the vehicle at auction [Deposition of Jayson Ahern (6-4-04) pg. 5; ll. 7-11; pg. 50; ll. 1-25; pg. 51, ll 1-11; Pl. App. 1; Deposition of Robert Root (6-24-04) pg. 6; ll. 6-8; Pl. App. 2; pg. 30; ll. 2-8; Deposition of David Murphy (6-24-04) pg. 5; ll. 17-19; Pl. App. 3; pg. 9;ll. 25; pg. 10;ll. 1-5; Pl.App. 3; pg. 43; ll. 21-25; pg. 44; ll. 1-18; Pl. App. 3; Deposition of Officer Joseph Marilao (6-9-04) pg. 6; ll. 23-24; pg. 26; ll. 9-16; pg. 26; ll. 22-25 and pg. 27; ll. 1-4; Pl. App. 4; Deposition of Robert Bickers (6-9-04) pg. 6; ll. 21-22; Pl. App.; pg. 8; ll. 10-12; Pl. App. 5 pg. 26; ll. 3-17; Pl. App. 5 filed November 19, 2005]

## ARGUMENT

Adrian Rodriguez has standing as a third party beneficiary

of the contract between Ali Jazmin Rodriguez and the USA

As set forth in the published decision issued in this case on January 30, 2006, Adrian Rodriguez could maintain a claim against the United States if he was an intended third party beneficiary pursuant to an existing contract between the government and another party. To be considered an intended third party beneficiary, the contract must reflect the express or implied intention of the parties to benefit the third party. The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby.[Rodriguez v. USA; Case Number 05CV370; Opinion and Order, page 7-8]

To determine whether Adrian Rodriguez is a third-party beneficiary, the court must consider whether he would have been reasonable in relying on the promise as manifesting an intention to confer a right on him. The Court found that: "(I)n the present case the context of the vehicle sales contract provides no indication that the government intended directly to benefit any third party. Consequently, Adrian Rodriguez is not an intended third party beneficiary of the contract between the United States and Mrs. Rodriguez." [Rodriguez v. USA; Case Number 370; Opinion and Order, page 7-8]

However, as referenced above, deponent Lawrence Fanning testified that the pre-auction searches were intended to directly benefit any subsequent occupant of the vehicle by avoiding the potential for wrongful arrest and imprisonment. As the new evidence submitted raises a triable question of fact as to whether or not Adrian Rodriguez is in the class of individuals intended to be

benefitted by the pre-auction "reinspection" process, the Court is respectfully requested to reconsider the dismissal of his complaint.

**1. Foreseeability:** As this is an unique situation, there is not a lot of precedent that is directly on point. A California Appellate Court (the jurisdiction where these sales occurred) issued a decision in a case called Luciano de la Hoya v. Slim's Gun Shop (1978) 80 Cal.App.3d Supp. 6 that arose from strikingly similar facts. The de la Hoya court based its rationale, in part, upon Section 2714 and 2715 of the Uniform Commercial Code [Id., at ftnt. 3]. In the de la Hoya case, the principal issue was whether an innocent buyer of personal property which turns out to have been stolen can recover as damages, from a seller, attorney's fees incurred in defending himself against criminal charges arising out of possession of the stolen property. The de la Hoya Court found that he could. [Id., at page 7]

The de la Hoya Court concluded that when a party becomes embroiled in litigation with third persons as a result of the defendant's breach of contract, that he or she may recover the attorney fees incurred in defending against the action as an element of damages. [Id., at page 9] The Court considered cases decided in Oklahoma and Utah and stated: "It appears to be the general rule in those United States jurisdictions which have considered the problem that attorneys fees incurred in litigation with third parties may be recoverable as damages in an action for breach of contract." [Id.., at page 10]

The Court then noted that in the de la Hoya case, the appellant argued that attorney fees expended in extricating respondent from his arrest were not proximately caused and should not be allowed. The de la Hoya court disagreed. [Id., at page 10] Citing to the California Supreme Court case of Weaver v. Bank of America (1963) 59 Cal2d 428, the de la Hoya court concluded

that it could not be found as a matter of law that the intervening arrest was so remote a possibility that the (defendant) could not have reasonably foreseen it. [Luciano de la Hoya v. Slim's Gun Shop, supra, 80 Cal.App.3d Supp. 6 at page 11]

> "The risk of the arrest ... does not depend upon any special circumstances unknown to (the defendant); it is not so remote a contingency that this court could hold as a matter of law that it would have been unreasonable for the parties to consider it ... In the case at bench the trial court has impliedly found ... that the parties could reasonably have contemplated at the time appellant sold the hand gun to respondent that if respondent's possession of it was questioned, and the gun turned out to be stolen, respondent would be subject to arrest for receiving stolen property ... Once the foreseeability of arrest is established a natural and usual consequence is that appellant would incur attorneys's fees." [Id. At page 11]

**2. Intended Beneficiary**

As discussed in the January 30, 2006 opinion issued in this case, it is not required that the plaintiffs be a party to the contract as long as the plaintiffs are proper third party beneficiaries of the contract(s) at issue.

> "The intended beneficiary need not be specifically or individually identified in the contract, but must fall within a class clearly intended to be benefitted thereby (citing Montana v. USA 124 F.3d 1269, 1273 (1997)." Klamath Irrigation v. USA 67 Fed. Ct. at 533

Lawrence Fanning testified that the purpose of the pre-auction search was, at least in part, to protect any future occupant of the vehicle from arrest. Therefore, this case is unique in that an implied term of the contract (the pre-auction "reinspection" searches) was for the express purpose of protecting the entire class of future occupants from wrongful arrest. The USA specifically foresaw (per the testimony of Assistant Director Lawrence Fanning and Assistant Commissioner Jayson Ahern) that the risk of arrest extended to any occupant of the vehicle (not just the purchaser) and the pre-auction "reinspection" was to protect the class of potential occupants, not just potential purchasers.

The case of Sullivan v. USA 54 Fed.Cl. 214 (02) involved a situation where the plaintiff was injured in a vehicular accident caused by a government contractor and sued the USA alleging that she was a third party beneficiary of contractual provisions which required the contractor to possess vehicle insurance. As this agreement was breached, she alleged that she was entitled to damages in the amount of $750,000 for her personal injuries from the USA on a breach of contract cause of action. In the instant case, Adrian Rodriguez incurred losses as a result of the breach by the USA of the implied contractual term to conduct an adequate search of the vehicle. As a future occupant of the vehicle (post-sale), Adrian Rodriguez was (according to the testimony of Mr. Ahern and Mr. Fanning) a member of the class of individuals who were expressly contemplated to benefit from the pre-auction search.

As the new evidence shows both an intent to benefit Adrian Rodriguez and that the damages (imprisonment and attorney fees) that would be incurred should the USA fail to perform this implied obligation were specifically foreseen, Adrian Rodriguez should be allowed to proceed in this action under a third party beneficiary theory.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

**CONCLUSION**

For the reasons stated above, plaintiff respectfully requests that the Court reconsider the order to dismiss the claim of Adrian Rodriguez and reinstate his complaint as a third party beneficiary of the purchase contract and the implied contractual obligation to take reasonable steps to remove all of the narcotics from the vehicles before releasing the same into the general public.

DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI

Attorneys for Plaintiffs

3055 India Street

San Diego, CA 92103

Telephone: (619) 297-7330

Telefax : (619) 297-9658

*ELECTRONICALLY FILED ON JANUARY 29, 2007*

No. 05-370C

(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA

Defendants.

---

**PLAINTIFF ADRIAN RODRIGUEZ's APPENDIX**
**IN SUPPORT OF MOTION FOR RECONSIDERATION**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 29, 2007

**TABLE OF CONTENTS**

1. Deposition of Jayson Ahern (excerpt) (10-27-07); Attachment Nos. 2 and 3

2. Deposition of Joseph Marilao (excerpt)(10-27-07); Attachment No. 4

3. Deposition of Aide Nunez (excerpt)(10-27-07); Attachment No. 5

4. Deposition of Robert Hood (excerpt)(10-27-07); Attachment Nos. 6, 7

5. Document produced in discovery by USA on January 23, 2007 entitled External Message Display; Attachment No. 8

6. Declaration of Teresa Trucchi – set forth below as Exhibit 7

DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

EXHIBIT 7

No. 05-370C
(Judge Lettow)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES OF AMERICA
Defendants.

**DECLARATION OF TERESA TRUCCHI IN OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

TERESA TRUCCHI SBN# 135543
SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

Attorneys for PLAINTIFFS
ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ

January 29, 2007

I, TERESA TRUCCHI, hereby declare as follows:

1. I am the attorney for the plaintiffs in the above entitled matter.

2. I attended the following depositions:

a. Deposition of Jayson Ahern on 6-4-04 and 10-27-06

b. Deposition of Robert Hood on 6-24-04 and 10-27-06 .

c. Deposition of David Murphy on 6-24-04 and 1-23-07

d. Deposition of Officer Joseph Marilao on 6-9-04 and 10-27-06

e. Deposition of Robert Bickers on 6-9-04 and 1-23-07

f. Deposition of Lawrence Fanning on 1-23-07

g. Deposition of Aide Nunez on 10-27-06

3. A true and correct copy of the transcript of the testimony provided by the above referenced deponents will be attached to an appendix when the Court has issued a ruling on the pending motion to file motion for reconsideration under seal:

a. Deposition of Jayson Ahern on 6-4-04 and 10-27-06

b. Deposition of Robert Root on 6-24-04 and 10-27-06 .

c. Deposition of David Murphy on 6-24-04 and 1-23-07

d. Deposition of Officer Joseph Marilao on 6-9-04 and 10-27-06

e. Deposition of Robert Bickers on 6-9-04 and 1-23-07

f. Deposition of Lawrence Fanning on 1-23-07

g. Deposition of Aide Nunez on 10-27-06

4. A true and correct copy of a document produced in discovery by USA on January 23, 2007 entitled External Message Display will be attached to an appendix when the Court has issued a ruling on the pending motion to file motion for reconsideration under seal.

5. The depositions of the USA agents taken on 10-27-06 and 1-23-07 were requested several months ago and calendared in October of 2006 and January of 2007 to accommodate the defendant and the defendants' agents.

6. The transcript of the deposition of Lawrence Fanning is not available as of the date that this motion is filed. Plaintiff requests leave to lodge this transcript as soon as it has been completed.

I declare under penalty of perjury under the laws of the United States of America that this declaration is true and correct to the best of my personal knowledge and/or information and belief.

DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP
s/Teresa Trucchi
By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658

**CERTIFICATE OF ELECTRONIC FILING**

This document and all attachments was electronically filed on January 29, 2007 and served on opposing counsel electronically.

.DATED: January 29, 2007

SUPPA, TRUCCHI & HENEIN, LLP

s/Teresa Trucchi

By: TERESA TRUCCHI
Attorneys for Plaintiffs

SUPPA, TRUCCHI, AND HENEIN, LLP
3055 India Street
San Diego, CA 92103
Telephone: (619) 297-7330
Telefax : (619) 297-9658