**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALI JAZMIN RODRIGUEZ, | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-370C |
| v. | ) | |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO MOTION BY ADRIAN RODRIGUEZ IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM**

Pursuant to the Court's April 11, 2007 order, the defendant, the United States, respectfully submits this response to the Motion By Adrian Rodriguez In Support Of Motion To Reconsider And Reinstate Third Party Beneficiary Claim (the "Motion to Reconsider").

STATEMENT OF RELATED DECISION

We respectfully suggest that the May 3, 2007 order entered in Rivera-Agredano v. United States, Fed. Cl. No. 05-608C (Judge Hewitt), provides useful guidance for considering this Motion to Reconsider. The Rivera-Agredano case is factually similar to this case, the plaintiffs (and dismissed former co-plaintiffs) are all represented by the same counsel, and this Motion to Reconsider is virtually identical in substance to the unsuccessful motion submitted in Rivera-Agredano.

STATEMENT OF THE CASE

Mr. Rodriguez seeks reconsideration of the portion of this Court's January 30, 2006 order that denied him third-party beneficiary status under two contracts: (1) the contract between the United States and EG&G, to perform auctions of forfeited vehicles; and (2) the contract for sale between the United States and plaintiff, Mrs. Rodriguez, for the sale of the 1991 Volkswagen

Passat at issue in this case. As before, the relevant facts are uncontested. More specifically, none of the contractual documents contains any language clearly granting Mr. Rodriguez's status as a third-party beneficiary under either contract. See 1/30/2006 Order at 7-9.

Mr. Rodriguez's motion recites 13 pages of "new evidence" that allegedly support the Motion to Reconsider, including (1) quotations from our briefs in support of the original motion in both this case and in support of a similar motion in Rivera-Agredano v. United States, Fed. Cl. No. 05-608C; (2) quotations from this Court's order adjudicating the original motion and the similar motion in Rivera-Agredano; and (3) selected deposition testimony from Lawrence Fanning, Jayson Ahern, Joseph Marilao, Aide Nunez, Robert Hood, Robert Bickers and David Murphy. Motion at 3-12, 15-17. Items (1) and (2) are not evidence, new or otherwise. With respect to the testimony listed in item (3), Mr. Rodriguez makes no argument with respect to the testimony of Mr. Marilao, Ms. Nunez and Mr. Hood,[1] which testimony should therefore be disregarded. See RCFC 5.2(E)(requiring motions to contain an "argument, exhibiting clearly the points of fact and of law being presented, and citing the authorities relied upon").

ARGUMENT

I. Legal Standard

The decision to grant a motion for reconsideration is committed to the sound discretion of the trial court. Yuba Natural Resources, Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The movant must demonstrate a "manifest error of law, or mistake of fact, and [such a motion] is not intended to give an unhappy litigant an additional chance to sway the court."

---

[1] The "Argument" section of the Motion to Reconsider (p. 14-20) only relies upon the testimony of Mr. Fanning, Mr. Bickers, Mr. Murphy and Mr. Ahern.

Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (internal quotation marks omitted). "The movant must show either that: (a) an intervening change in the controlling law has occurred, (b) evidence not previously available has become available, or (c) that the motion is necessary to prevent manifest injustice." Id. at 286. A motion for reconsideration "enables a trial court to address oversights." Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 315 (1999). However, the Court should not permit a party to use a motion for reconsideration for the purposes of rearguing positions that have already been rejected. See Stelco Holding v. United States, 45 Fed. Cl. 541, 542 (2000).[2]

II. Reconsideration Under RCFC 60(b)(2) Should Be Denied.

Mr. Rodriguez seeks reconsideration of the portion of the Court's January 30, 2006 order addressing Mr. Rodriguez's third-party beneficiary status pursuant to RCFC 60(b)(2), which provides for reconsideration of an earlier decision upon the presentation of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2).[3] In support of this portion of his motion, Mr. Rodriguez submits excerpts from the deposition testimony of Jayson Ahern, Lawrence Fanning, Robert Bickers and David Murphy.

The new evidence forwarded by Mr. Rodriguez does not affect the Court's prior ruling

---

[2] For example, Mr. Rodriguez cites Sullivan v. United States, 54 Fed. Cl. 214 (2002), in support of his Motion to Reconsider, even though the Court previously held that this case was not applicable or persuasive with respect to Mr. Rodriguez's claim. See 1/30/2006 Order at 9. Absent an argument that the Court has made a manifest error of law in its treatment of that case (an argument Mr. Rodriguez does not make), the Court should not reconsider this authority.

[3] As noted in the May 3, 2007 Order in the similar case, Rivera-Agredano v. United States, Fed. Cl. No. 05-608C (Judge Hewitt), the appropriate vehicle for Mr. Rodriguez's motion may be Rule 59 rather than Rule 60. Under either Rule, our arguments would be the same.

that he is not a third party beneficiary under either the EG&G contract or the contract for the sale of the 1991 Volkswagen Passat. It is settled that the third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to parol evidence if a clear intent to benefit a third party is suggested but not expressly stated. See Federal Deposit Ins. Corp. v. United States, 342 F.3d 1313, 1319 (Fed. Cir. 2003) ("In order to create rights in a third party, the contract must reflect the express or implied intention of the parties to benefit the third party.") (emphasis added, internal quotation marks omitted); Glass v. United States, 258 F.3d 1349, 1353 (Fed. Cir. 2001) ("In order to prove third party beneficiary status, a party must demonstrate that the contract . . . reflects the . . . intention to benefit the party . . . .") (emphasis added); Roedler v. Dep't of Energy, 255 F.3d 1347, 1352 (Fed. Cir. 1997) ("When the intent to benefit the third party is not expressly stated in the contract, evidence thereof may be adduced.").

Mr. Rodriguez does not challenge the Court's ruling that he is not a third-party beneficiary to the EG&G contract. None of the proffered new evidence addresses, touches upon, or even implicates the EG&G contract, and Mr. Rodriguez does not specifically argue that he should be considered a third-party beneficiary to it. Because he is not requesting reconsideration of the Court's ruling upon Mr. Rodriguez's status under the EG&G contract, there is no reason for the Court to revisit its earlier decision.

With respect to the contract for the sale of the 1991 Volkswagen Passat, the Court held that there are only four written documents that arguably comprise the contract and are relevant to the third-party beneficiary inquiry: the Certificate to Obtain Title to a Vehicle, the bidder registration form, the invoice, and the sales catalog. 1/30/206 Order at 9. Mr. Rodriguez does not argue that any of the new evidence informs any of these written provisions. As such, the

third-party beneficiary analysis ends, because Mr. Rodriguez does not link his new evidence to a provision in the contract.

Moreover, Mr. Rodriguez cannot link this new evidence to a provision in the contract. None of the proffered testimony discusses or arguably informs the written documents, nor does it suggest that there was an intent by both Mrs. Rodriguez[4] and the United States to vest Mr. Rodriguez with any rights under the contract for the sale of the 1991 Volkswagen Passat.

Finally, Mr. Rodriguez's interpretation of the proffered testimony is simply incorrect, and the testimony does not support his argument that the United States knew he would be a passenger in the 1991 Volkswagen Passat and intended to grant him the right to enforce the terms of the contract between the United States and Mrs. Rodriguez. To begin, Mr. Rodriguez's heavy reliance upon Mr. Fanning's testimony is misplaced. Mr. Fanning answered "I think it's fair to say that" in response to the question "So part of the purpose of that [pre-auction] search is to protect the purchasing public." Fanning Depo. Trx. at 9, ll.5-7. Mr. Fanning also testified that (a) he is not a policy maker for the United States (Id. at 5, ll.4-7); and (b) all of his testimony concerning the reasons why the United States conducts searches on forfeited automobiles is given from his own personal view (Id. at 10, ll.13). The actual policy maker on this issue, Mr. Jayson Ahern, testified:

> Q: And the policy [to search seized vehicles prior to auction] was created in part to protect the purchaser, correct?
>
> A: The policy was to make sure there was not any additional narcotics in those vehicles prior to sale.

---

[4] To avoid confusion, Mrs. Rodriguez is the current plaintiff in this case; she is the party who contracted with the Government to purchase the car. The claims of her husband, Mr. Rodriguez, were dismissed from this case in the January 30, 2006 order.

Ahern Depo. Trx. at 12, ll.17-20.

Also, despite Mr. Rodriguez's insistence that the testimony of Messrs. Bickers and Murphy supports his theory that the United States intends to specifically benefit every member of the general public who could potentially ride as a passenger in a searched-and-auctioned vehicle, this testimony indicates the witnesses' understanding that searches are performed "to ensure that everything was out of the vehicle" (Bickers excerpt, Motion at 16), or "to ensure that there was no contraband left in the vehilces." (Murphy excerpt, Motion at 17). This testimony is consistent with that of Mr. Ahern and does not support Mr. Rodriguez's argument.

The evidence presented by Mr. Rodriguez does not demonstrate that any contractual term contains a clear intent to make him a third-party beneficiary. The Motion to Reconsider leaves the Court where it was over a year ago when it concluded that Mr. Rodriguez is not an intended third-party beneficiary to either the EG&G contract or the contract for the sale of the 1991 Volkswagen Passat. This result should not change.

II. Reconsideration Under RCFC 60(b)(6) Should Be Denied

Mr. Rodriguez's motion indicates that he also seeks reconsideration under RCFC 60(b)(6), which provides for reconsideration of an earlier decision for "any other reason justifying relief from the operation of the judgment." RCFC 60(b)(6). However, we cannot identify any specific arguments that Mr. Rodriguez makes under this Rule. We are therefore unable to respond. Additionally, we respectfully request that the Court find that Mr. Rodriguez's failure to state the grounds for his argument under this Rule is sufficient reason to deny his motion under RCFC 60(b)(6), and that the motion be denied.

III. Mr. Rodriguez's Foreseeability Argument Is Unnecessary And Should Be Ignored

Mr. Rodriguez's motion contains a "foreseeability" section, in which he argues that a damaged plaintiff may recover his attorney fees incurred in connection with defending a criminal action that is the result of the defendant's alleged breach of contract. See Motion at 18-19. Mr. Rodriguez does not state how this relates to his request for reconsideration, and we are unaware of any reason why such a discussion is necessary on a motion to reconsider a dismissed party's status as a third-party beneficiary.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Mr. Rodriguez's motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Devin A. Wolak
DEVIN A. WOLAK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 616-0170
Fax. (202) 514-8624

May 11, 2007 Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on May 11, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO MOTION BY ADRIAN RODRIGUEZ IN SUPPORT OF MOTION TO RECONSIDER AND REINSTATE THIRD PARTY BENEFICIARY CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Devin A. Wolak
DEVIN A. WOLAK