IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-370C

(Filed: August 17, 2007)

ADRIAN RODRIGUEZ and
ALI JAZMIN RODRIGUEZ,

Plaintiffs,

v.

UNITED STATES,

Defendant.

ORDER

Pending before the court is plaintiffs' motion for reconsideration of the court's prior decision to dismiss the claim of Adrian Rodriguez in this action. The prior decision, *Rodriguez v. United States*, 69 Fed. Cl. 487 (2006), held that a viable claim for breach of contract had been made by the buyer of a vehicle from the government at an auction sale following its seizure by customs agents. The buyer, Mrs. Rodriguez, had brought suit after a quantity of illegal drugs had been found in the vehicle by Mexican police when her husband, Adrian Rodriguez, had driven the vehicle across the border to obtain repairs. *Id*. The court dismissed a breach of contract claim by the husband on grounds that he was not in privity of contract with the government and was not an intended third-party beneficiary of the contract of sale between the government and his wife. *Id*. at 491-94. The plaintiffs' motion is premised upon Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") and particularly upon RCFC 60(b)(2) (new evidence) and RCFC 60(b)(6) (equity).[1] At the court's request, the government has filed a response in opposition.

In support of the motion for reconsideration, plaintiffs have put forward deposition testimony of officials and agents of the U.S. Customs Service that pre-auction "reinspection" searches were conducted on vehicles to be sold, specifically for the purpose of ensuring that the vehicles did not still contain illegal drugs at the time of sale. Motion to Reconsider and Reinstate

[1]RCFC 60(b) applies to motions for relief "from a final judgment, order, or proceeding," and no final judgment has yet been entered in this case. As a consequence, the court will treat the motion as one for reconsideration under RCFC 59(a).

Third Party Beneficiary Claims ("Pls.' Mot.") at 1, 4-12. Based upon the deposition testimony, it is readily apparent that these officials and agents were aware that a few vehicles, still containing illegal drugs, had previously been sold at auction. *Id*. at 10, 16-17 (quoting deposition testimony of Robert Hood and David Murphy). To prevent such sales, procedures for reinspection were drafted in late 1999 and revised in 2000 and 2001. *Id*. at 17 (quoting deposition testimony of David Murphy). The officials and agents were also aware that subsequent discovery of illegal drugs in a seized vehicle that had been sold at auction could subject an owner or occupant of the vehicle to law enforcement action. *Id*. at 6 (quoting deposition testimony by Lawrence Fanning, Assistant Director of Field Operations, Bureau of Customs and Border Protection).

Virtually identical circumstances and claims were the subject of proceedings in another case pending in this court, *Rivera Agredano v. United States*, No. 05-608C. In *Rivera Agredano*, a purchaser of and passenger in a seized vehicle were arrested at a Mexican checkpoint when the vehicle was found to contain illegal drugs, and they brought breach of contract claims. *See Rivera Agredano v. United States*, 70 Fed. Cl. 564, 567-68 (2006). After the court granted a motion by the government for summary judgment as to the passenger's third-party claims, *id*. at 577-79, plaintiffs moved for reconsideration, citing the same deposition testimony that is proffered in the instant case. *See Rivera Agredano v. United States*, 76 Fed. Cl. 315 (2007). The court denied reconsideration, determining that "[p]laintiffs' new evidence does not point to any contractual term that indicates an intent to make vehicle passengers third-party beneficiaries under the contract at issue in this case." *Id*. at 319.

Here, the contractual documents and plaintiffs' new evidence are comparable in all material respects to that put before the court in *Rivera Agredano*, and the reasoning and result in that case are persuasive. In short, plaintiffs have not demonstrated that there is any error of law or mistake of fact in the court's prior determination that a non-purchaser was not a third-party beneficiary to the contract between the purchaser and the government for the sale of a seized automobile.

For the reasons stated, plaintiffs' motion for reconsideration is DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Judge